State *v.* Burke.

STATE OF MAINE *versus* BURKE & *als.*

*Before trial* it is matter of *discretion* in the Court whether an indictment shall be quashed for alleged defects.

*After verdict* a *nolle pros.* may be entered as to any part of the count in an indictment, whereby the charge is made *less* criminal.

Judgment will not be arrested because *some* of the counts are bad for duplicity.

Several and distinct offences of the *same nature* may be set forth in different counts of the same indictment.

ON EXCEPTIONS from *Nisi Prius,* HATHAWAY, J. presiding.

INDICTMENT, in which were three counts.

The first count charged the defendants with a riot, and an intent to *maim* certain persons, also to *rescue* a prisoner.

The second count alleged a riot, and an assault upon a police officer and his assistants in the discharge of his duties, and an high and aggravated assault.

The third count was in common form for a riot.

Before the trial a motion was made to quash for causes apparent upon the indictment, which was overruled.

The defendants, with one exception, were convicted upon the indictment.

After the verdict the attorney for the State, by leave of the Court, entered a *nolle pros.,* as to the *intent to maim,* set forth in the first count, against the objection of defendants.

A motion was made in arrest, which was overruled; the grounds of which sufficiently appear in the opinion.

Exceptions to the rulings were taken by defendants.

*Blake,* in support of the exceptions.

1. The first count charged a felony, R. S., c. 167, § 2; the other a misdemeanor only; the two offences could not be joined.   20 Pick. 362.

The *nolle pros.,* as to the intent to maim, was objected to.   Such a proceeding cannot make the indictment good. *Amendments* are not allowable in this way.

State *v.* Burke.

2. The counts are severally bad. The first for duplicity. It alleges an assault with intent to maim, to rescue and a rescue, also a common assault and battery and an unlawful assemblage. *State* v. *Montague*, 2 McCord, 257; 2 Mass. 163.

3. The second count charges a common assault, an aggravated assault and an unlawful assemblage.

4. The third count is defective in attempting to charge a riot. It avers no unlawful act done, or lawful act done in an unlawful manner. The statute as well as the common law require this. c. 159, § 3; 4 Black. 147; *Commonwealth* v. *Hunt*, 4 Met. 111.

*Evans, Att'y Gen., contra.*

APPLETON, J. — The indictment, as found by the grand jury, contained three counts. A motion was made to quash it, because different offences were charged therein. But nothing is better settled, than that the Court are not bound to quash an indictment alleged to be defective before trial. *State* v. *Stuart*, 21 Maine, 341. The party accused may demur or move an arrest of judgment.

The jury returned a verdict of guilty on all the counts, and a motion in arrest was then filed. The attorney for the government then entered a *nolle pros.* as to the intent to maim, which was alleged in the first count. The defendants have no just cause of complaint, because the charge, as set forth, was reduced in its degree of criminality.

It is alleged that the first count is defective for duplicity. It is liable to that objection, but judgment is not to be arrested for that cause. Where one of two or more counts is bad, and a general verdict is rendered, it is not the subject of a motion in arrest of judgment. The judgment may be several, though the verdict is general. 1 Arch. Cr. Pr., 179. Judgment may be rendered on such counts as are valid. *Jennings* v. *Commonwealth*, 17 Pick. 80.

It is true, it was held by the English House of Lords, in *O'Connell & al.* v. *The Queen*, 11 Clark & Fenelly, 155,

that an indictment containing two counts, either of which is bad, and where the punishment is not definitely prescribed by law, could not be sustained. But this opinion was adverse to that of the majority of the English Judges who had been consulted. The law seems fully settled in this country that in a criminal case, one good count is sufficient to support a general verdict of guilty, however defective the others may be. *The People* v. *Stien*, 1 Parker's Cr. Cases, 202. The "general verdict of guilty," says WILLS, J., in *Baron* v. *The People*, 1 Parker's Cr. Cases, 246, "proves that all the counts are true, the good as well as the bad ones, and it is presumed the Court in rendering judgment, measured the punishment upon the good counts alone." The same doctrine is held in *State* v. *Miller*, 7 Ire. 275.

It is further alleged that several and distinct offences are set forth. But as the indictment now stands there are none within the statute definition of a felony. R. S., c. 167, § 2.

It is well settled, that there is no objection to stating the same offence in different counts, though the judgment be different, if they all be for felonies or misdemeanors. 1 Arch. Cr. Pr. 93. It is no objection, either on demurrer or in arrest of judgment, that separate offences of the same nature are joined against the same defendant. The Court may compel the prosecutor to elect on which charge he will proceed, if in the exercise of a sound discretion, they judge it necessary for the promotion of justice. "Even in felonies," says DUNCAN, J., in *Com.* v. *Gillespie*, 7 S. & R. 469, "there is no objection to the insertion of several distinct offences of the same degree, though committed at different times, in the same indictment against the same offender; and it is no ground of demurrer or motion in arrest of judgment, and where offences are of the same nature, counts at common law and on a statute may be joined." In misdemeanors several and distinct offences may be joined and tried in the same indictment. *Burk* v. *The State*, 2 Har. & Johns. 426; *Kane* v. *The People*, 8 Wend. 211. Indeed the multiplicity of offences committed would seem to afford

but an ill reason for the discharge of the guilty from the penalties attached to violations of the law.

   *Motion overruled.* — *Judgment on the verdict.*

 SHEPLEY, C. J., and TENNEY, and HOWARD, J. J., concurred.