FRANK G. JAMES, PETR.

*vs.*

STATE OF MAINE

Somerset.  Opinion, October 29, 1964.

*Wallace A. Bilodeau,* for Plaintiff.

*John W. Benoit, Assistant Attorney General,* for State.

SITTING: WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.

WILLIAMSON, C. J., and MARDEN, J., did not sit.

SULLIVAN, J.    In 1961 by the Superior Court the petitioner was adjudged guilty, sentenced and committed to State Prison where he continues to be an inmate, for the crimes of Statutory rape, R. S., c. 130, § 10, and of incest, R. S., c. 134, § 2.    He has instituted a petition for a writ of habeas corpus to secure relief from such criminal convictions.    R. S., c. 126, 1-A - 1-G, additional (P. L., 1963, c.

310). A single justice after hearing denied the petition. Petitioner appeals from that denial.

In 1961 subsequent to his arrest and whilst in confinement awaiting consideration by a grand jury the petitioner invoked the provisions of R. S., c. 147, § 33 (P. L., 1959, c. 209), the optional and voluntary procedure of waiver of indictment and of prompt arraignment upon information. *Tuttle* v. *State*, 158 Me. 150, 180 A. (2nd) 608. Upon legally observant arraignment by information as to each crime the petitioner informed the court that he the petitioner had been accorded the services of legal counsel who had advised the petitioner well and fully, that the petitioner was acting freely, without promise of reward or fear, with awareness of the quantum of punishment for each crime, with an acknowledgment of his personal guilt as to each imputed offense and with a declared determination to have done with the matters; that the petitioner was cognizant of his rights to require indictment and jury trial and that the petitioner had left unspoken nothing pertinent which he wished to say. Petitioner thereupon pleaded guilty to each felony, was judged, sentenced and committed.

The sitting justice at the hearing upon the petition in the case at bar accepted in evidence and reviewed the record and the testimony of the previous information proceedings in the Superior Court. The justice also heard and considered the testimony of the petitioner, his witnesses and those presented by the State.

In pertinent particulars the findings and rulings of the sitting justice were as follows:

"The petitioner is below average intelligence. He did not go beyond the 4th grade and he reads only the simplest words. He does, and did at the time of the information proceedings, understand the nature of the offenses with which he was charged.

"Evidence of what took place prior to the hearing in open Court was admitted for its bearing on the question stated. - - - The petitioner was not induced by fear, threat, promise, or other improper action to proceed by the information route and to plead guilty by reason of what may have taken place prior to the hearing.

"Likewise at the hearing, the petitioner understood the nature of the proceedings. He had been advised by court-appointed counsel. He was not induced by fear, threat, promise or other improper action to waive indictment and to plead guilty.

"I accept the statements of the petitioner in the information hearing as the truth. It will serve no useful purpose to refer in detail to the record of the information hearing, which is included within the record in the present case.

"The presiding justice in his conduct of the information proceedings fully complied with the statute. The petitioner was deprived of no rights either under the statute or under the State or Federal Constitutions.

- - - - - - - - - - - - - - - - - -

"The petitioner is not entitled to relief on any of the several issues."

Petitioner's statement of points on appeal is as follows:

"1.   That the plea (s) of guilty was (were) a result of force and coercion on the part of the Officials of the State of Maine in violation of the Constitution of Maine and the Fourteenth Amendment to the Constitution of the United States.

"2.   That the appellant lacked the intelligence to waive any constitutional right and proceed by information where such waiver was made in fear and ignorance.

"3.   That the evidence adduced at the hearing on the issued Writ of Habeas Corpus as a matter of

law showed a violation of Appellant's constitutional rights."

*Rule 52, Maine Rules of Civil Procedure,* 155 Me. 550, provides in respect to review of findings in all actions tried upon the facts without a jury, as follows:

" - - - - Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses - - - - "

See *Maine Civil Practice, Field and McKusick,* p. 429, § 52.8.

The presiding justice at the hearing in the case at bar had a matchless advantage for the exercise of his observation, of his practised judgment and of his experienced faculties in the ascertainment and confirmation of facts. He was subserved by the aids and empirical correctives which tested and applied forensic science has long utilized in the determination of objective truth from the testimony of live, present witnesses. There exists in the case record ample credible evidence to corroborate his findings from which he has formulated rulings which are sound.

He found that this petitioner had been of sufficient capacity and comprehension to participate with personal committal in the information proceedings; that the petitioner had acted understandingly and willingly unconstrained by guile or fear and that the constitutional rights of the petitioner had been respected and fulfilled.

The record of the information arraignment contains an affirmation from the petitioner that he had been advised of his rights "to the fullest extent" by his dutiful and satisfactory counsel who with the petitioner was an attendant and participator before the arraigning justice. The petitioner as to each criminal charge affirmatively waived his rights to grand jury consideration and petit jury trial. Be-

fore pleading he informed the court of his guilt and expressed the wish to terminate matters then and there.

The petitioner has failed to support his burden of proof, that he is entitled to relief.

The mandate shall be:

*Appeal denied.*