**Alton L. GORDON**

**v.**

**STATE of Maine et al.**

Supreme Judicial Court of Maine

Aug. 11, 1967.

Orman G. Twitchell, Bangor, for appellant.

John W. Benoit, Asst. Atty. Gen., Augusta, for appellees.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, ·MARDEN and DUFRESNE, JJ.

WILLIAMSON Chief Justice.

This is an appeal by the petitioner, now appellant, for post-conviction relief from the discharge of a writ of habeas corpus and affirmation of his sentence. 14 M. R.S.A. Sec. 5502 et seq.

The petitioner attacks his conviction and sentence at the January Term 1965 of the Penobscot Superior Court upon his plea of guilty to an indictment charging the offense of breaking, entering, and larceny in the night-time. 17 M.R.S.A. Sec. 2103. The issue is whether the "plea of guilty was entered freely, knowingly, understandingly and with adequate counsel representation." Hamner v. State (Me.) 223 A.2d 532, 534 (1966).

In our view of the case we have in mind, first, that the burden of proof by a fair preponderance of the evidence rests on the petitioner, and secondly, that the findings of fact by the Justice below stand unless "clearly erroneous"; Bennett v. State, 161 Me. 489, 496, 502, 214 A.2d 667 (1965); Maine Rules of Civil Procedure, Rule 52(a).

There is also the sound principle stated in an analogous context in Holbrook v.

State, 161 Me. 102, 108, 208 A.2d 313 (1965) in these words:

> "The justice then presiding was as well able to protect the petitioner as is any justice of the court at the post conviction stage."

We quote from the decree and judgment of the Justice below as follows:

> "Shortly after he was apprehended on the indictment he was brought before the Presiding Justice, who, upon ascertaining the indigency of the petitioner, appointed counsel of the petitioner's choice to represent him. Upon his arraignment on January 13, 1965, in the presence of his counsel he entered a plea of not guilty. On February 4, 1965, he again appeared in court with his court appointed counsel. The Presiding Justice was informed that the petitioner desired to change his plea. The Deputy Clerk of Courts was then directed to inquire of the petitioner in open court whether he desired to change his plea. Upon inquiry the petitioner expressed his desire to change his plea and entered a plea of guilty.

When the petitioner manifested an intention to plead guilty, even though he was represented by competent counsel, the Presiding Justice made sure that the plea was the product of the then defendant's wilful and intelligent choice, by engaging the petitioner in the following colloquy:

> 'Q. Mr. Gordon, was your plea made of your own free will, sir?
>
> A. Yes, sir.
>
> Q. That is, it wasn't made because of any threats—
>
> A. No.
>
> Q. —that were made against you or any promises that were made to you?
>
> A. No.'

The Court, at the request of Alton L. Gordon, ordered the case continued from day to day pending sentence."

\* \* \* \* \* \*

"The Grand Jury at the January Term, 1965, also returned a separate indictment against Alton L. Gordon under the so-called 'Habitual Criminal Statute'. 15 M.R.S.A. Sec. 1742. The County Attorney moved to nolle prosequi this indictment and it was so ordered by the Court.

On March 12, 1965, Alton L. Gordon appeared for sentence."

\* \* \* \* \* \*

"A sentence of 'not less than 4 years and not more than 10 years at the Main State Prison' was imposed.

The petitioner seeks release from his commitment by petition for a writ of habeas corpus, under the provisions of 14 M.R.S.A. Sections 5502–5508, on the ground that he was subjected to an illegal search and seizure resulting in the seizure by law enforcement officers of evidence which was ultimately used to obtain an arrest, warrant, indictment and confession by duress and coercion, all in violation of the rights guaranteed him by the fourth, (search and seizure) fifth, (self-incrimination) sixth (assistance of counsel) and fourteenth (due process) amendments to the Constitution of the United States.

He further argues that the separate 'Habitual Criminal Indictment' returned against him was for the sole purpose of exerting duress, coercion and fear in order to motivate his entering a guilty plea to the charge of breaking, entering and larceny in the night-time." \* \* \*

"The evidence in this case clearly establishes that petitioner was fully cognizant of his rights, that he was not in any manner induced by fear, threat, promise or coerced into entering a plea of guilty. The evidence further

establishes that more than twenty days elapsed between his first entering a plea of not guilty and his plea of guilty, made by him voluntarily on the advice of competent counsel of his own selection and with full appreciation of his rights and understanding of the consequences and was not obtained by any coercion, threat or promise of leniency, by the County Attorney or by any other law enforcement officer." * * *

"It may be noted that at the September Term 1964 of the Penobscot County Superior Court the Grand Jury returned an indictment against the petitioner, charging him with the same crime of breaking, entering and larceny in the nighttime as is alleged in the indictment, the subject of this proceeding. The indictment returned at the September Term also contained a count under the Habitual Criminal Statute. The petitioner filed a motion to suppress the evidence alleged by the petitioner to have been obtained by illegal search and seizure. This indictment, after a full and complete hearing on the question of the alleged illegal search and seizure, was continued to the January Term 1965; later it was discovered that the indictment returned at the September Term 1964 was in violation of 15 M.R.S.A., Sec. 1742, which requires a separate indictment under the Habitual Criminal Statute. The indictment to which the petitioner entered a plea of guilty was returned at the January Term 1965, at which time a separate indictment alleging a prior conviction was returned." * * *

"It does not appear that there was any violation of the petitioner's constitutional rights. The petitioner, with the advice of competent counsel, elected not to stand trial but to plead guilty.

The guilty plea obviated the necessity of a trial; hence no question of a trial or conviction based on illegal evidence obtained through a possible unreasonable search and seizure arises or is involved.

Counsel for the petitioner argues that the Habitual Criminal Indictment was obtained for the sole purpose of exerting duress, coercion, fear, persuasion and misapprehension on the mind of the petitioner. Such argument is illogical, unsupported and contrary to the evidence, in view of the testimony given by counsel for the petitioner and the County Attorney." * * *

"The petitioner is required to prove his allegations by a preponderance of the evidence. He has failed to support his burden of proof that he is entitled to relief."

We find nothing in the record to lead one to believe that the petitioner was denied his constitutional rights in the acceptance of his guilty plea. Plainly, the Justice presiding took great care to make certain that the plea was made and accepted within the safeguards of the Constitution surrounding and protecting the petitioner. It is too late for the petitioner to contend successfully that he was forced or tricked into his plea of guilty.

The entry will be

Appeal denied.

WEATHERBEE, J., did not sit.