**Stanley Smith COREY**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Oct. 11, 1968.

Errol K. Paine, Bangor, for plaintiff.

John W. Benoit, Jr., Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, and DUFRESNE, JJ.

DUFRESNE, Justice.

This is an appeal by the petitioner Corey from the judgment of a single justice who after full evidentiary hearing dismissed appellant's petition for the writ of habeas corpus and affirmed his sentences imposed at the January term, 1965, of the Superior Court in and for the County of Penobscot in this State.

The petitioner sought in post-conviction relief under 14 M.R.S.A. §§ 5502–5508 to have his plea of guilty to each of three indictments and the respective ensuing sentences therein set aside for constitutional deficiency surrounding and invidiously affecting his plea.

His amended petition with the aid and advice of counsel particularized his alleged grievances as follows: 1) Admissions and confessions made to State officials in the course of their interrogation of petitioner notwithstanding his continued requests for assistance of counsel and their refusal to furnish the same resulted in the discovery of incriminating evidence used to coerce him into pleading guilty; 2) the County Attorney's promises of leniency if petitioner pleaded guilty and gave State's evidence, and threats of life imprisonment if he did not cooperate, effectively forced him into entering a plea of guilty, and 3) his trial attorney's threat to withdraw if petitioner did not confess his guilt and co-operate with the State in testifying against his co-defendants in their trial for the robbery-murder of Harold L. and Edward I. Morris, and his trial counsel's full cooperation with the County Attorney against his own wishes, were such a deprivation of effective counsel representation as to vitiate his plea of guilty under such circumstances.

The petitioner was represented by Court-appointed competent counsel both at the trial level and in his habeas corpus proceeding. He escaped life imprisonment as the charges of murder were reduced to manslaughter after his testimony in the trial of his codefendants helped to convict them of murder. For the manslaughter of

Harold L. Morris, to which Corey pleaded guilty, he was sentenced to a term in State Prison of not less than 10 years and not more than 20 years; in the death of Edward I. Morris, he received a term of not less than 5 years and not more than 10 years to be served at the expiration of the previous sentence; his third sentence of not less than 15 years and not more than 30 years on the charge of robbery was ordered to be served in concurrence with his two preceding sentences.

Undoubtedly dissatisfied with the length of his prison sentence as viewed in terms of his prospective life expectancy, Corey now attacks the voluntariness of his pleas and the issue raised is, whether his pleas of guilty were entered freely, knowingly, understandingly and with adequate counsel representation. Hamner v. State, Me.1966, 223 A.2d 532, 534.

It would be an idle exercise of questionable value to undertake the recital of petitioner's self-serving testimonial complaints. We have, however, studied the record, not only of all the evidence produced at the habeas corpus hearing, but also those pertinent portions of the trial record that possibly could bear upon petitioner's asserted grievances. Without an iota of corroboration, his complaints stand disproved by the testimony of the police officers, the County Attorney and petitioner's trial counsel. Corey's own representations to the trial judge just prior to his giving State's evidence against his co-defendants and his colloquy with the court at his arraignment demonstrate beyond any doubt that at those particular stages of choice of conduct he was acting with understanding and a free mind, devoid of any coercive influence. Furthermore, personal letters to the County Attorney and to his trial counsel expressing satisfaction and appreciation for their conduct and the treatment received from the authorities written by Corey before the realities of his fifteen to thirty years sentence brought on pangs of frustration and thoughts of recantation, repudiate completely his present recriminations.

The single justice below found that petitioner was advised of his rights, received seasonably court-appointed counsel, and that his plea of guilty was not a negotiated plea nor improperly induced. His findings are supported by ample credible evidence.

Findings of fact made by a single justice in a post-conviction habeas corpus proceeding stand unless clearly erroneous. Rule 52(a) of M.R.C.P.; Gordon v. State, Me.1967, 232 A.2d 527; Stone v. State, Me.1966, 222 A.2d 153; Bennett v. State, 1965, 161 Me. 489, 214 A.2d 667; James v. State, 1964, 160 Me. 362, 204 A.2d 187.

Petitioner received full protection of his constitutional rights at the court level and at the police station. His trial counsel provided him with adequate legal advice and representation. The County Attorney breached no constitutional limitations. Petitioner's contention that his plea of guilty was induced through coercion is utterly devoid of merit.

Appellant raises one further point of appeal. He suggests that the Court erred in denying his motion to have the respondents make a more definite answer to certain interrogatories and in sustaining their objections thereto. The reference questions were as follows:

"(9) What steps were taken to arrange for the imprisonment of Stanley S. Corey in a prison other than the Maine State Prison at Thomaston, Maine, and on what dates?

(10) Why were the indictments charging Petitioner with murder reduced to manslaughter on motion of the County Attorney?

(11) Does the State believe that there was sufficient evidence, independent of the testimony of the participants in the crime, to have convicted Petitioner of the crime of murder?

(12) Does the State believe that there was sufficient evidence, independent of

the testimony of Petitioner, to have convicted Swett and Coty of murders of Harold and Edward Morris?"

Having answered to petitioner's satisfaction 8 other questions, the respondents objected to these 4 stated interrogatories on the grounds of irrelevancy and privilege. The presiding justice denied the motion for more definite answer without specification of reasons for such action.

Our Rules of Criminal Procedure, Rule 35 (b) (5), effective December 1, 1965, 161 Me. 587–588, recognize that our statutory post-conviction habeas corpus remedy is a civil proceeding and that in respects not covered by statute, both the Maine Rules of Criminal and Civil Procedure where aplicable, govern the practice in such proceedings. But the service of interrogatories under Rule 33, M.R.Civ.P. is expressly limited by Rule 81(b) (1) which (as amended September 21, 1963 and November 1, 1966) reads as follows:

"Rule 81(b) Limited Applicability.

These rules do not alter the practice prescribed by the statutes of the State of Maine or the Maine Rules of Criminal Procedure for beginning and conducting the following proceedings in the Superior Court or before a single justice of the Supreme Judicial Court:

(1) Proceedings for post-conviction relief in criminal actions, * * *.

In respects not covered by statute or the Maine Rules of Criminal Procedure, *the practice in these proceedings* shall follow the course of the common law, but *shall otherwise conform to these rules, except that depositions shall be taken or interrogatories served only by order of the court on motion for cause shown."* [Emphasis supplied.]

Discovery by use of interrogatories was similarly restricted in respect to our former proceedings under the writs of coram nobis or coram vobis to review criminal actions, or under other extraordinary writs including habeas corpus, from the time of the original adoption of our Rule 81 of the Maine Rules of Civil Procedure effective December 1, 1959.

■ It is undisputed that petitioner never sought nor obtained an order of the court for leave to serve interrogatories for cause shown as provided by the rules. Is this failure even though not raised by the respondents in their objections to the reference interrogatories, fatal to petitioner's appeal respecting the denial of his motion for more definite answer to interrogatories numbered 9 through 12? We so hold.

Upon specific objection that Rule 81 (a) (2) of the Federal Rules of Civil Procedure [the federal counterpart to our reference Rule 81(b) (1)], the Circuit Court of Appeals for the Ninth Circuit held that the applicant for the federal writ of habeas corpus had no right to propound written interrogatories in aid of his application. Wilson v. Harris, 9th Cir., 1967, 378 F.2d 141.[1]

The same ruling was made as respects the right to propound interrogatories by the prosecutor of a motion under 28 U.S.C. § 2255, the special post-conviction federal procedure. Sullivan v. United States, D.C. 1961, 198 F.Supp. 624. Final authoritative interpretation of Rule 81(a) (2) of the Federal Rules of Civil Procedure lies in the offing since the Harris case will be reviewed by the United States Supreme Court,

1. Rule 81(a) (2) reads:
   "(2) In the following proceedings appeals are governed by these rules, but they are not applicable otherwise than on appeal except to the extent that the practice in such proceedings *is not set forth in statutes of the United States and has heretofore conformed to the* practice in actions at law or suits in equity: admission to citizenship, habeas corpus and quo warranto. The requirements of Title 28, U.S.C., § 2253, relating to certification of probable cause in certain appeals in habeas corpus cases remain in force."

certiorari having been granted sub nomine Harris v. Nelson, No. 199, October Term, 1968. See 392 U.S. 925, 88 S.Ct. 2289, 20 L.Ed.2d 1384. Unlike the federal rule, our Rule 81(b) (1) conditions the availability of the discovery process in post-conviction relief upon prior court order or leave of court on motion for cause shown.

Admitting the liberal approach that we must use in the interpretation of our rules of civil procedure to secure to the parties the just, speedy and inexpensive determination of every action Rule 1, M.R.Civ.P., we cannot overlook the excepted situations wherein the framers of the rules have ordained only limited applicability.

These partially precluded areas are as follows:

"(1) Proceedings for post-conviction relief in criminal actions or under the writ of habeas corpus and for replevying a person.

(2) Proceedings in bastardy cases.

(3) Proceedings to compel the support of a wife or a minor child or children.

(4) Proceedings for the removal of an attorney or summary proceedings against an attorney for payment of collections.

(5) Applications for naturalization, judicial declarations of citizenship, or any other ex parte proceeding.

(6) Applications by any governmental agency, department, board, commission, or officer to enforce a subpoena, to compel the production of documents, or to require answer to pertinent questions.

(7) Proceedings with respect to contested elections for county or municipal office." Rule 81(b).

These several actions in which discovery by deposition or interrogatories is made dependent upon a prior order of court on motion for cause shown appear to have in common a need for summary and prompt hearing and determination and for protection against possible abuse in the use of delaying tactics. Such manifest underlying policy to secure prompt administration of justice transcends in importance the inconvenience to which prior judicial authorization may subject the parties.

Full compliance with Rule 81(b) requiring judicial leave "on motion for cause shown" before a petitioner in post-conviction relief in criminal actions may have the right to propound interrogatories to the State gains legitimate justification from the factual consideration that many have engaged in frivolous use of the post-conviction remedial legislation and would undoubtedly so carry on collaterally if permitted uncontrolled proliferation of the discovery procedure. We do not intend to give encouragement to such potential abuse.

There is no need in the instant case to delimit the scope of judicial power under the rule.

Appeal denied.

MARDEN and WEATHERBEE, JJ., did not sit.