**Paul SAVARIN, Petitioner,**

v.

**STATE of Maine, and Allan L. Robbins, Warden Maine State Prison, Respondents.**

Supreme Judicial Court of Maine.

March 25, 1969.

Charles E. Moreshead, Augusta, for petitioner.

Warren E. Winslow, Jr., Asst. Atty. Gen., Augusta, for respondents.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, DUFRESNE and WEATHERBEE, JJ.

TAPLEY, Justice.

Appellant instituted a petition for writ of habeas corpus. The respondents filed a motion to dismiss, upon which a hearing was had before the Justice below decreed that the motion to dismiss be allowed and denied the petition. The matter for our consideration is an appeal from the granting of the motion to dismiss. The findings of fact made by the Justice below stand unless clearly erroneous. Gordon v. State, (Me.) 232 A.2d 527. The appellant alleges in substance in his petition for issuance of writ of habeas corpus that when he entered a plea of guilty to an indictment charging him with breaking, entering and larceny in the nighttime that he was not properly advised by the Court of his right to counsel and that he did not knowingly and intelligently waive his right to counsel. This is the only question that was presented to the Justice below by the pleadings and the evidence. One of petitioner's points of appeal is:

"The Court erred, as a matter of law, by refusing to allow the Petitioner's Petition for Writ of Habeas Corpus on the grounds that he was not properly advised by the Presiding Justice regarding the penalty for the crime for which he was accused during the proceedings against him in the October, 1961 Term of the Kennebec County Superior Court."

The function of this appeal is to test the findings of the Justice below as to whether or not they are clearly erroneous. It

is obvious that he never considered the above set out point of appeal as it was not contained in the allegations of appellant's petition for writ of habeas corpus, nor was it in any manner presented to the Justice below as an alleged error on the part of the trial Justice.

We feel that the alleged error, reaching as it does the constitutional validity of the plea of "guilty" tendered by petitioner, is of such importance as to require judicial determination. Therefore it is the judgment of this Court that justice requires that the case be remanded for the appointment of counsel for the petitioner, if indigent, and for consideration of an amended petition. The amendment offered, however, should be limited to those allegations necessary to raise the constitutional effect of the claimed error on the part of the presiding Justice at trial level inaccurately advising petitioner as to the penalty which could be imposed for the crime with which he was charged.

So ordered.

MARDEN, J., did not sit.