**Milton R. SWETT**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Aug. 24, 1970.

---

John W. Conti, Bangor, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, DUFRESNE and POMEROY, JJ.,

POMEROY, Justice.

This appeal results from the denial of a Petition for Writ of Habeas Corpus (post-conviction) 14 M.S.R.A. § 5502 et seq.

The occasion for the Petition arises from facts described in State v. Coty and Swett, Me., 229 A.2d 205 (1967) and Corey v. State, Me., 246 A.2d 201.

We find it unnecessary to describe in detail the outrageous crimes of which Petitioner was convicted. It is not in dispute but that conviction of Petitioner Swett and his companion Coty would not have been possible but for the testimony given by their alleged accomplice in this murder-robbery, one Stanley Smith Corey.

Corey, the record reveals, entered a plea of guilty to both a charge of robbery and a charge of manslaughter. For obvious reasons Corey was imprisoned in a place other than the place in which Swett and Coty were serving at the time.

Some time after he entered upon the service of the sentence imposed upon his conviction, Corey recanted his confession. A Petition for Habeas Corpus was filed by him based upon the allegation that he had lied at the trial when he testified against Coty and Swett, and that he was corruptly induced to do so by officials of the State.

Before the Single Justice, his Petition was fruitless. The Single Justice found as a fact that Corey had told the truth at the trial and it was his recanting that was false.

After review on his appeal, the Law Court affirmed the Single Justice, Corey v. State of Maine, Me., 246 A.2d 201.

Swett now says he is entitled to a new trial because Corey has recanted. The Statement of Points on Appeal, six in number, is as follows:

"1. The convictions of Petitioner in Penobscot County Superior Court were based upon the testimony of one witness, which testimony was recanted by the witness in a subsequent proceeding.

"2. The Prosecutor's failure to disclose to the Court and jury an understanding on the part of an alleged accomplice that the latter could expect more lenient treatment if he testified on behalf of the State, constituted a denial of Petitioner's rights guaranteed by the Constitution of the United States and Constitution of the State of Maine.

"3. The Court's failure to charge the jury that an alleged accomplice's expectation of leniency should be considered in evaluating his credibility deprived Petitioner of his rights guaranteed by the Constitution of the United States and the Constitution of the State of Maine.

"4. Petitioner was denied the right to counsel as guaranteed by the Sixth and Fourteenth Amendments.

"5. Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments.

"6. The simultaneous trial on two separate indictments before the same jury constituted a violation of Petitioner's rights guaranteed by the Constitution of the United States, and the Constitution of the State of Maine."

We are discussing the Points of Appeal in the order in which they appear.

As to the issue raised in the first Point of Appeal, i. e., that a conviction resulted from false testimony given by Corey, which testimony was subsequently recanted, suffice it to say it was established in Corey v. State of Maine, Me., 246 A.2d 201, that the testimony given at the trial was not false. That Corey committed perjury is clear. The perjury of which he was guilty was in the proceeding in which he sought to recant the testimony given at the trial of Swett and Coty.

The fact that Corey, the important State's witness against Swett, recanted under oath avails Swett nothing in view of the fact it has been found by an appropriate tribunal such recanting was false. Recantation on the part of an important witness does not necessarily entitle a defendant to a new trial. Otherwise, the power to give a convicted person a new trial would rest upon the witnesses who testified against him. State v. Casale, 150 Me. 310, 110 A.2d 588.

The Petitioner takes nothing by this point.

The second Point of Appeal is based on a completely faulty major premise. Corey testified the only promise which was made to him was that he would be placed in a prison other than that in which the Petitioner and Coty would be confined in the event of their conviction.

Corey's testimony at the trial of Swett, given in the presence of the jury, was given in response to questioning by the prosecutor:

"Q Now when you were being questioned by Mr. Vafiades on one of his times, he was asking you about whether or not any promises had been made to you by anybody, and I will ask you, were any promises of any type made to you by anybody?

A There was only one promise made to me.

Q And who made that promise?

A You did.

Q And what in that promise, or what was that promise I made to you?

A I asked you if you would try to get me put into some other prison to do my time, that I knew that if I had to go down to Thomaston that they'd get me down there. And you said you'd do the best you could. That's the only promise that's been made to me."

The Justice below found that this, in fact, was the only promise made and the fact of the promise was disclosed to the jury during the course of the trial.

The Petitioner takes nothing by this Point.

Point three of appellants' points of appeal assumes point two has merit. Since point two has no merit, discussion of point three becomes unnecessary.

■ Appellant argues his constitutional right to counsel was abridged by the failure of his Court appointed counsel to prosecute an appeal to the United States Supreme Court from the denial of his appeal in the Supreme Court of Maine sitting as the Law Court. State v. Swett, Me., 229 A.2d 205. No authorities in point are cited in support of this assertion. On the contrary, United States ex rel. Coleman v. Denno, 313 F.2d 457 (cert. denied, 373 U.S. 919, 83 S.Ct. 1310, 10 L.Ed. 2d 418 (1963)) makes it abundantly clear no Constitutionally imposed obligation exists on any State to supply counsel to indigent defendants in any proceedings outside its own judicial system. As the Court in that case said:

"The petition for a writ of certiorari is addressed to the Supreme Court. Surely that Court, in a meritorious case would assign counsel. If habeas corpus were sought in a federal court, the district court would be the forum for the application. Were a defendant in a federal court action to apply for assignment of counsel in the State court, there

should be little doubt that denial would not be a violation of the defendant's Fourteenth Amendment rights. Appointed counsel should be responsible to the appointing court in which the case or proceeding is being heard."

We hold there is no obligation on the State of Maine to furnish counsel to indigent defendants in any proceeding outside our own judicial system. The appellant takes nothing by this point of appeal.

■ The final point raised relates to an alleged trial error. We have repeatedly held we will not review alleged trial errors in post-conviction habeas-corpus proceedings. Brine v. State, Me., 264 A.2d 530. The habeas-corpus (post-conviction) statute so declares by its express terms. (14 M.R.S.A. § 5502) The point now asserted was not raised in petitioner's appeal (Me., 229 A.2d 205) and would have been to no avail had it then been.

■ As early as 1854 this Court declared several and distinct offenses of the same nature may be set forth in different counts of the same indictment and tried together, State v. Burke, 38 Me. 574. Upon the Maine Rules of Criminal Procedure becoming effective on December 1, 1965, rule 8 specifically provided for joinder of distinct offenses in the same indictment or information and rule 13 provided for trial together of two or more indictments or informations which under rule 8 could have been joined in a single indictment or information. Such joinder is to be ordered in the Court's discretion.

This is the second search for error this Court has made at Swett's behest. At the conclusion of the first it was said

"The evidence amply supports a finding by the jury that Corey and the two respondents went to the Morris home with a loaded sawed-off shotgun with the intent and design of robbing the occupants thereof; that Corey and respondent Coty entered the house while respondent

Swett kept watch outside; that while in the house Coty attacked and murdered both the Morrises and that he and Corey took property from the house and from the persons of their victims; that Swett with knowledge of the crime assisted in the escape by driving his accomplices in his car; and that all three shared in the concealment and division of the loot. On the basis of this evidence both respondents were guilty of both robbery and felony-murder."

Now, after the second search is completed, we retain the same opinion still.

The entry must be

Appeal denied.

MARDEN and WEATHERBEE, JJ., did not sit.