STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-95-420

DHM-KEN - 5/4/2000

ANTHONY DOROTHY,

    Petitioner

v.

STATE OF MAINE,

    Respondent

DONALD L. CARRIGHT
LAW LIBRARY

MAY 26 2000

ORDER

This matter is before the court on petitioner's amended petition for post-conviction review. In his original petition, the petitioner alleged ineffective assistance of counsel prior to his entering his pleas and at time of pleading. He charges that his attorney was not prepared, misrepresented the sentence as part of the plea agreement, caused him to plead guilty to an escape of which he was not guilty, did not advise him completely of the charges, did not provide proper discovery for his review, and did not complete investigation in preparation for trial. In his amended petition, the petitioner charges ineffective assistance of counsel in that he was not fully informed of his rights, that he was under duress at the time of pleading, was not properly informed of his agreed upon sentence, was denied full discovery and an opportunity to argue for a continuance, did not fully understand the charges before pleading, a violation of his attorney/client privilege, and that his defense was prejudiced. He further asserted that his counsel's representation was "seriously incompetent, inefficient, and inattentive, which deprived petitioner of adequate knowledge of his case, and possibly an important defense in his case."

After hearing, the petitioner presented four bases of ineffective assistance of counsel during the Rule 11 proceedings conducted in this case. Mr. Dorothy says he was not given an explanation of the elements of the offenses to which he pled Nolo Contendre, was not given an explanation of the significance of his plea of Nolo Contendre after making clear he did not wish to plead guilty, was given assurances regarding the impact of the sentence to which he was expected to agree that were inaccurate, and was not informed that his pleas to three class A offenses would expose him to the risk of a federal sentence as a career criminal. In addition, and as a further ground, the petitioner alleges that the court did not comply with M.R. Crim. P. 11(c) in that the court did not determine that Mr. Dorothy understood the elements of the crimes charged.

In seeking post-conviction relief, the petitioner has the same burden of proof applicable in civil actions. *Duguay v. State*, 309 A.2d 234, 238 (Me. 1973). In seeking post-conviction relief, petitioner bears the "burden of proof by a fair preponderance of the evidence." *Davis v. State*, 306 A.2d 127, 136 (Me. 1973) (citing *Bennett v. State*, 161 Me. 489, 214 A.2d 667 (1965); *Gordon v. State*, 232 A.2d 527 (Me. 1967)). "[A] judgment of conviction, whether based upon a finding of guilty by the jury or upon the entering of a plea of guilty by the defendant, carries with it a presumption of regularity which casts the burden of proof upon the petitioner in post conviction habeas corpus proceedings, albeit only by the fair preponderance of the evidence." *Cote v. State*, 286 A.2d 868, 874 (Me. 1972) (citing *Bennett v. State*, 161 Me. 489, 214 A.2d 667 (1965)).

2

Petitioner claims that he did not understand the elements of the offense to which he entered a plea of Nolo and that those elements were not explained to him by the court. The transcript of the Rule 11 proceeding provides the following dialogue:

> THE COURT: All right, thank you. Have you had a chance to talk to Mr. Perrino about the elements of the class A offenses to which you are pleading no contest that the State would have to prove in order for you to be found guilty beyond a reasonable doubt of these three offenses?
>
> MR. DOROTHY: Yes.
>
> THE COURT: With regard to Gross Sexual Assault, the State would have to prove on or about the day alleged in the indictment or the information in Augusta that you engaged in a sexual act with -- on two of the counts in 93-142 -- a sexual act with Christina Brock. She was not your spouse; she had not attained her 14th birthday, in fact, she was 12 years of age. That's Count 1 and 2 on 93-142. Do you understand the elements of those Class A offenses, sir?
>
> MR. DOROTHY: Yes.
>
> THE COURT: With regard to the information, the State would have to prove that on the dates alleged in Palmyra you engaged in a sexual act with Tammy Marks; Tammy Marks submitted as a result of compulsion. Do you understand the elements of that offense, sir?
>
> MR. DOROTHY: Yes.

Trial counsel testified that he went over the elements of the offense by discussing with the petitioner the text of Ferdico. While he admitted that he could not recall whether there was a specific discussion of the definition of a "sexual act," he is quite comfortable that he advised the petitioner and was assured throughout the entire proceedings that the defendant understood exactly what he was charged with.

3

It is worth noting that during this period of presentation, the petitioner engaged in rather bizarre behavior at the jail which he described as a "zoning out" period. The behavior was suggestive of some mental health condition which would cause one to believe that the petitioner was not mentally aware of his surroundings. To that end, counsel had a psychological examination conducted by a qualified psychologist who concluded that the petitioner was deliberately creating a false impression of mental aberration and attempting to use it to manipulate the process. In addition, counsel had concerns as to whether it was part of a plan by the petitioner to effectuate an escape. Under those circumstances, trial counsel was careful to document conversations and communications to assure the petitioner had been provided full information with respect to the proceedings. Inasmuch as counsel was retained by the mother of the petitioner for purposes of representation, counsel testified he attempted to keep the mother informed, but it became unclear as to whether the petitioner was providing full disclosure to his mother and counsel was concerned over the privileged communications with his client. Nevertheless, in light of the clear indication to the court at the time of the Rule 11 proceeding that he understood the elements, petitioner has failed to provide any evidence to meet his burden of proof that his plea was to a charge of which he did not have full knowledge.

The court is unclear as to the allegation by petitioner that he did not understand the significance of his plea of Nolo after making it clear he did not wish to plead guilty. The history of this case from both the petitioner and his counsel

4

would seem to indicate that the petitioner was very clear that he did not wish to plead guilty but wished to go to trial. However, at one point, counsel became aware and so advised petitioner that he was under investigation in an adjoining county to determine whether he, the defendant, had been involved in a "murder for hire" scheme. Given that possibility, counsel had further discussions with the petitioner in which he attempted to accede to his request not to plead guilty but to dispose of the matter consistent with the evidence in the possession of the State and the knowledge on the part of the petitioner and enter a plea of Nolo. The only significance of such plea is the knowledge that by entering such a plea he would be found guilty. According to the evidence presented to this court, there does not appear to be any indication that the petitioner was ever at a point when he did not realize that an accepted Nolo plea would result in a finding of guilty. Therefore, it appears the evidence does not support to any degree an allegation that he did not understand the significance of his plea. Certainly, there was no evidence to suggest that the petitioner expected some degree of particular leniency by the court simply because he entered a Nolo plea.

With regard to the assurances by counsel regarding the impact of the sentence to which he was expected to agree, there does appear to be a factual dispute. First of all, there does not appear to be any question but that the petitioner was aware from the outset that the plea agreement was for 20 years, all suspended but 7 years with a period of probation. However, petitioner alleges that he was assured by counsel that with the 7-year term of incarceration, he would only have to serve something in the

5

area of three and a half years based upon a combination of "good time," the probability of early release to a pre-release center and the suggestion of overcrowding in the prison which would result in a period of home detention under electronic surveillance. Indeed, there is a written communication, in evidence, from counsel to the defendant suggesting that he would wind up serving four and a half years less good time. As a matter of fact, it would appear that the four and a half years was based upon a 7-year period of incarceration less good time. While petitioner suggested counsel advised of an actual period of three and a half years, petitioner's mother testified that she understood that the term would be for that of four and a half years. Counsel testified that at all times the agreement was for a 7-year period of incarceration, and that petitioner and his mother both understood that to be the plea agreement from the beginning. In spite of this difference between the assertion of four and a half years and three and a half years, and counsel's admission that he may well have discussed with the petitioner the possibility of home detention and pre-release, the petitioner presented no evidence to suggest and did not state that he would have not under any circumstances pled Nolo had he known that he would have to serve four and a half years of the 7-year period of incarceration. In addition, he presented no evidence to suggest that the understanding affected either his willingness to plead or any prejudice accruing to him should the matter go to trial. Simply stated, any misunderstanding between the petitioner and his counsel as to the period actually to be served would not appear to be sufficient to meet the burden of proving by a preponderance of the

6

evidence that petitioner's counsel was ineffective or that he was denied an appropriate defense.

Finally, the court is asked to consider that his pleas in this matter subjected him to prosecution by federal authorities as a career criminal, which prosecution did take place and which has caused petitioner to now be serving a significant federal sentence. It is apparently agreed that the federal offense of a career criminal is founded upon three class A felony convictions by an individual. In the instant case, the defendant entered a plea of Nolo to count I, Gross Sexual Assault, a class A offense. He also entered a plea of no contest to count II, another charge of class A Gross Sexual Assault. Count III was a plea of no contest to a class D criminal offense of Sexual Abuse of a Minor. Petitioner also pled no contest to an information, count I of which was class A, Gross Sexual Assault, and count II, Sexual Abuse of a Minor, a class D offense. In addition, petitioner entered a plea of no contest to a class E offense of Theft of Services under another docket number, and finally, a no contest plea to a class D criminal offense of Escape.

The petitioner argues that because his counsel was a former federal prosecutor that he held a special duty to be sure to inform his client of potential federal consequences of his pleas. This court does not view the information presented as requiring any specific standard with respect to this counsel in his performance on behalf of petitioner nor that counsel could be held as an ordinary fallible attorney to be required to advise a defendant of all consequences of a plea, including its effect on federal criminal laws.

7

The Law Court has adopted a two-part test for determining whether a defendant had ineffective assistance of counsel in a plea proceeding. The first prong of that test focuses on whether "counsel's performance falls below the performance that might be expected of an ordinary, fallible attorney." *State v. Brewer*, 1997 ME 177, ¶ 17, 699 A.2d 1139, 1144; *Laferriere v. State*, 1997 ME 169, ¶ 6, 697 A.2d 1301, 1304. The second prong is the prejudice requirement which focuses on whether "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Laferriere*, 1997 ME 169, ¶ 7, 607 A.2d at 1304-1305 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). This means that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* The court has examined very carefully testimony of the petitioner. Notwithstanding his many complaints as to information provided him by counsel, at no time, during this entire proceeding, has the petitioner testified under oath that but for the lack of information of federal conviction and the actual time to be served he would have not entered a plea of Nolo, understanding he would be found guilty, but would have insisted on going to trial. It is clear that he was fully advised that a conviction after trial of all of the charges which were then pending against him would most certainly result in a very substantial sentence compared to that to which he agreed. That, plus the possibility of a charge of Conspiracy to Commit Murder, appears to be a more likely basis upon which he entered a plea agreement under the circumstances as they existed at the time.

The entry will be:

Petitioner's petition for relief is DENIED.

Dated: May___4___, 2000

Donald H. Marden
Justice, Superior Court

STATE OF MAINE
   vs
ANTHONY DOROTHY
18 WINTHROP COURT APT. 1
AUGUSTA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-1995-00420

DOB: 07/16/1971
Attorney: ROBERT SANDY
            APPOINTED 10/21/1998

**DOCKET RECORD**

State's Attorney: DAVID CROOK

Filing Document: PETITION
Filing Date: 09/20/1995

Major Case Type: POST CONVICTION REVIEW

**Charge(s)**

**Docket Events:**

05/14/1998 JUDICIAL - REVIEW REVIEW BY JUSTICE ON 09/20/1995

            COPIES OF PETITION, J & C, DOCKET ENTRIES AND IND. MAILED TO JUSTICE CALKIN'S FOR REVIEW.
            HEARING - DISPOSITIONAL HEARING SCHEDULED FOR 10/09/1997 @ 9:00

            CONTINUED ON 4/161998
05/14/1998 FILING DOCUMENT - PETITION FILED ON 09/20/1995

05/14/1998 JUDICIAL - ASSIGNMENT ASSIGNED TO DOCKET ON 10/02/1995

            PETITION  FOR P. C. REVIEW ASSIGNED TO REGULAR CRIMINAL DOCKET.
05/14/1998 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 10/06/1995

05/14/1998 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 10/06/1995
            DONALD G ALEXANDER , ASSOCIATE JUSTICE
            Defendant Present in Court
05/14/1998 SUPPLEMENTAL FILING - AMENDED PETITION FILED ON 12/06/1995

05/14/1998 OTHER FILING - RESPONSE TO PETITION FILED ON 05/20/1996

05/14/1998 HEARING - CONFERENCE HELD ON 01/06/1997
            JOHN R ATWOOD , JUSTICE
            Attorney:  SHEILA COOK

            DA:   PAUL RUCHA
            HELD IN CHAMBERS. PRE-HEARING ORDER MAILED TO COUNSEL.
05/14/1998 HEARING - DISPOSITIONAL HEARING SCHEDULED FOR 09/04/1997

05/14/1998 MOTION - MOTION TO CONTINUE FILED BY STATE ON 08/29/1997

05/14/1998 MOTION - MOTION TO CONTINUE GRANTED ON 08/29/1997
            DONALD H MARDEN , JUSTICE
05/14/1998 HEARING - DISPOSITIONAL HEARING CONTINUED ON 08/29/1997
            DONALD H MARDEN , JUSTICE
05/14/1998 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 09/24/1997

05/14/1998 MOTION - MOTION TO CONTINUE FILED BY STATE ON 04/15/1998

05/14/1998 MOTION - MOTION TO CONTINUE GRANTED ON 04/16/1998

5/14/1998 HEARING - DISPOSITIONAL HEARING CONTINUED ON 04/16/1998
          MARGARET J KRAVCHUK , JUSTICE
08/13/1998 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 08/13/1998

          PC HEARING OF 9/11/1998 AT 9:30 A. M.
08/20/1998 MOTION - MOTION TO CONTINUE GRANTED ON 08/19/1998
          S KIRK STUDSTRUP , JUSTICE
10/13/1998 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY DEFENDANT ON 10/13/1998

10/20/1998 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 10/20/1998
          JEFFREY L HJELM , JUSTICE
          NEW COUNSEL TO BE APPOINTED FOR PETITIONER.   COPIES TO ALL PARTIES.
10/22/1998 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 10/21/1998

10/22/1998 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 10/21/1998
          JEFFREY L HJELM , JUSTICE
          COPY TO ATTY. SANDY, WITH COPY OF FILE.
12/09/1998 NOTE - OTHER CASE NOTE ENTERED ON 12/07/1998

          ASSIGNED COUNSEL VOUCHER APPROVED BY CHIEF JUSTICE KRAVCHUK IN THE AMOUNT OF $750.00.
          ORIGINAL TO AOC FOR PAYMENT.
12/11/1998 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 01/05/1999 @ 9:00

12/11/1998 NOTICE - NOTICE OF HEARING SENT ON 12/09/1998

          TO ATTY. SANDY AND D.A.
12/16/1998 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 12/16/1998

12/18/1998 MOTION - MOTION TO CONTINUE GRANTED ON 12/18/1998
          S KIRK STUDSTRUP , JUSTICE
          COPIES TO ATTYS.
12/18/1998 HEARING - EVIDENTIARY HEARING CONTINUED ON 12/18/1998

06/09/1999 MOTION - MOTION TO CONTINUE FILED BY STATE ON 06/07/1999

06/09/1999 MOTION - MOTION TO CONTINUE GRANTED ON 06/08/1999

          COPY TO ROBERT SANDY ESQ AND PAUL RUCHA ADA.
07/15/1999 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 08/19/1999 @ 9:00

07/29/1999 NOTICE - PCR CONFERENCE SENT ON 07/15/1999

01/04/2000 HEARING - EVIDENTIARY HEARING CONTINUED ON 08/19/1999

01/04/2000 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 02/07/2000 @ 1:00

          NOTICE TO PARTIES/COUNSEL
01/04/2000 NOTICE - NOTICE OF HEARING SENT ON 01/04/2000

01/14/2000 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 01/14/2000

          CERTIFIED COPY TO SHERIFF DEPT.

02/04/2000 MOTION - MOTION TO CONTINUE FILED BY STATE ON 02/04/2000

02/10/2000 HEARING - EVIDENTIARY HEARING HELD ON 02/07/2000
DONALD H MARDEN , JUSTICE
Attorney:  ROBERT SANDY

DA:  PAUL RUCHA          Reporter: CASE ENOCH
Defendant Present in Court
PETITIONER AND STATE PRESENT EVIDENCE TO THE COURT.
02/10/2000 MOTION - MOTION TO CONTINUE DENIED ON 02/07/2000

COPY TO PARTIES/COUNSEL
02/10/2000 JUDICIAL - JUDGMENT DETERMINATION UNDER ADVISEMENT ON 02/07/2000

PETITIONER IS TO FILE A BRIEF BY 2/22/00.  STATE IS TO FILE A BRIEF BY 3/8/00.
03/10/2000 OTHER FILING - OTHER DOCUMENT FILED ON 03/10/2000

ARGUMENT OF PETITIONER, ANTHONY DOROTHY
03/24/2000 OTHER FILING - OTHER DOCUMENT FILED ON 03/24/2000

STATES POST HEARING BRIEF FILED.
04/14/2000 BRIEF - REPLY BRIEF FILED ON 03/14/2000

PETITIONER'S REPLY TO STATE'S POST HEARING BRIEF.
05/05/2000 FINDING - DENIED ENTERED BY COURT ON 05/05/2000
DONALD H MARDEN , JUSTICE
ORDER FILED.  COPIES TO ATTYS.  COPIES TO DEBORAH FIRESTONE, GARBRECHT LAW LIBRARY AND
DONALD GOSS.

## Exhibits

02/07/2000  STATE, Exhibit#001, LETTER FROM ATTY. PERRINO, Adm w/o obj on 02/07/2000.
02/07/2000  STATE, Exhibit#002, LETTER FROM ATTY. PERRINO, Adm w/o obj on 02/07/2000.
02/07/2000  STATE, Exhibit#003, LETTER FROM ATTY. PERRINO, Adm w/o obj on 02/07/2000.
02/07/2000  STATE, Exhibit#004, LETTER FROM ATTY. PERRINO DATED 9/14, Adm w/o obj on
            02/07/2000.
02/07/2000  STATE, Exhibit#005, FILE MEMO, Adm w/o obj on 02/07/2000.
02/07/2000  STATE, Exhibit#006, FILE MEMO, Adm w/o obj on 02/07/2000.
02/07/2000  STATE, Exhibit#007, LETTER TO PERRINO DATED 2/8., Marked on 02/07/2000.

A TRUE COPY
ATTEST: _____
                    Clerk