## COMMONWEALTH vs. GEORGE W. THOMPSON.

Barnstable.   November 23. — 28, 1874.   AMES & DEVENS, JJ., absent.

An indictment under the Gen. Sts. c. 160, § 27, charging an assault with intent to
ravish, and which also charges a battery, is not bad for duplicity.

Evidence, that a woman, while walking on a pathway through a field, in the evening
was knocked down by a man, who got on the ground by her and holding her down
pulled up her clothes and began to uncover her person, and, when she tried to get
up, struck her in the face and tried still to uncover her, and put his hands on her
legs and pinched them just above the knees, so that they were discolored for some
time, that she cried out and the assailant got up and ran away, is sufficient to
support an indictment against the man for an assault with intent to ravish.

On an indictment charging an assault with intent to ravish, the jury were instructed
that they might find the defendant guilty of an assault or of an assault with intent
to ravish.   They returned a verdict that the defendant was guilty of both charges.
The judge then instructed them that if they found the defendant guilty of the
whole charge, they should return a verdict of " guilty," and upon being asked by
the clerk for a verdict, the foreman said " Guilty," and this verdict was affirmed.
*Held*, that there was no irregularity in receiving or affirming the verdict.

INDICTMENT for an assault with intent to ravish, averring that
on November 10, 1873, the defendant, with force and arms, at
Mashpee, " in and upon the body of Susan W. Attaquin feloni-
ously an assault did make, and her the said Susan W. Attaquin
did then and there beat, bruise, strike and wound, with intent
then and there, her the said Susan W. Attaquin feloniously and
violently to ravish and carnally know, by force and against her
will."

In the Superior Court, before the jury were empanelled or
sworn, the defendant moved to quash the indictment for the fol-
lowing reasons : " 1. That it charges two distinct crimes, to wit,
assault and battery, and assault with intent to ravish, and is
therefore bad for duplicity.   2. That it charges the defendant
with an assault with intent to ravish, and also with a battery, not
alleged nor appearing to be a component part of said assault with
intent to ravish, and is therefore bad for duplicity." *Putnam*, J.,
overruled the motion ; and the defendant alleged exceptions.

At the trial the government introduced evidence tending to
show that early in the evening of November 10, 1873, the defend-
ant with several others set out to walk from Mashpee towards
Cotuit ; that after accompanying them for about half a mile he
left them, without assigning any reason, and returned to the

neighborhood of the place from which they had set out, that, at soon after half past six o'clock, when the defendant might have been in the vicinity, the prosecutrix left a store about half a mile from her home, accompanied by her son about eight years of age, to return to her house, and in so doing left the highway, crossed the fence and entered a path which led through a field and through small trees ; that a man passed them hastily, and that, when they reached a point at some little distance from the road, a man came up to the prosecutrix and struck her to the ground ; that he then pursued the boy, and returning to the prosecutrix, who had risen to her feet, felled her again, got down on the ground by her, and holding her down, pulled up her clothes, and began to uncover her person ; that she tried to get up when he struck her in the face and tried still to uncover her, put his hands on her legs and pinched them just above the knees, so that they were discolored for some time ; that she called out " God help me," and " Where is Mr. Hammond, he was just behind us," when the assailant got up and ran away. The prosecutrix testified that it was the defendant who assaulted her. This was all the evidence tending to show that the defendant assaulted the prosecutrix with intent to ravish.

After the evidence was all in, the defendant asked the judge to instruct the jury as follows : " 1. That there was no evidence to warrant a verdict of guilty of assault with intent to ravish. 2. That the evidence tended to show an attempt to ravish, if any crime beyond an assault and battery."

The judge declined so to instruct the jury, but gave them instructions as to what would constitute rape, and an assault with intent to commit rape, in a manner not excepted to ; and also instructed them that under an indictment of this character comprising two charges, an assault, and an assault with a felonious intent, and that under this indictment, if the evidence did not satisfy them that the defendant's intent was to ravish, but only to do something which came short of that, and they believed that he assaulted her, they might find him not guilty of the full crime charged, but only guilty of an assault upon her person ; but if they found him guilty of the whole offence charged, they should return a general verdict of guilty. To these instructions no exception was taken ; but the defendant alleged exceptions to the refusal to give the instructions asked for.

On the coming in of the jury, when inquired of by the clerk in the usual form if they had agreed on a verdict, they gave their verdict as follows: " We find the defendant guilty of both of the charges." The judge thereupon called the attention of the jury to the fact that he had instructed them that if they found the defendant guilty of the whole charge they should return a general verdict of guilty, and instructed them that if they meant to find a verdict against the defendant of the whole charge they should return a general verdict of guilty, and thereupon the foreman, being again asked by the clerk in the usual manner for a verdict, said " Guilty," and this verdict was affirmed. To this instruction and proceeding the defendant at the time objected and alleged exceptions.

*H. W. Chaplin*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

WELLS, J. Rape necessarily includes an assault and battery. To sustain an indictment for assault with intent to commit a rape, under the Gen. Sts. *c.* 160, § 27, it is not necessary to allege or prove a battery. But a battery may be one of the facts by which the offence is made out. It then constitutes a part, though not an essential part, of the offence which the statute defines and punishes. If not alleged, there is no variance; if alleged, there is no duplicity.

In *Commonwealth* v. *Goodhue*, 2 Met. 193, an indictment for rape contained the unnecessary allegation that the offence was committed by the defendant upon his own daughter; and the court sustained a conviction for incest. In *Commonwealth* v. *Squires*, 97 Mass. 59, an indictment for rape contained the unnecessary allegations that the defendant was a married man, and that the woman was not his wife. He was convicted of adultery, and, although the objection of duplicity had been seasonably taken before the trial, the conviction was sustained. That allegations of facts connected with the particular offence intended to be charged, and showing that another offence was committed at the same time and by the same acts as set forth, do not necessarily amount to duplicity of pleading, is established by various decisions of this court. *Commonwealth* v. *Eaton*, 15 Pick. 273. *Commonwealth* v. *Twitchell*, 4 Cush. 74. *Commonwealth* v. *Tuck.* 20 Pick. 356. *Commonwealth* v. *Hope*, 22 Pick. 1. *Common-*

*wealth* v. *Nichols*, 10 Allen, 199. *Commonwealth* v. *Harris*, 13 Allen, 534.

It is also well settled that an indictment for a particular offence may be sustained by evidence which also shows that another and different offence was in fact committed ; even though such other offence is of a higher degree of crime. *Commonwealth* v. *Walker*, 108 Mass. 309.

The evidence in this case would support an indictment either for an attempt to commit rape, Gen. Sts. *c.* 168, § 8, or for an assault with intent to ravish. The latter only being charged, the court rightly refused the prayer for a ruling that it could not be supported upon the evidence.

There was no irregularity in the manner of receiving and affirming the verdict. *Exceptions overruled.*