## STATE OF MAINE *vs.* JAMES E. CREIGHTON.

### Lincoln. Opinion January 16, 1904.

*Assault. Indictment. Pleading. R. S. (1883), c. 118, § 28,*
declaratory of common law.

The statute defining the offense of assault R. S. (1883), ch. 118, § 28, is merely declaratory of the common law and requires no additional allegations in an indictment.

Exceptions by defendant. Overruled.

This was an indictment of the defendant for assault and battery under R. S., c. 118, § 28.

Before pleading thereto, the defendant first having reserved and been granted the right to plead over in case the indictment should be held sufficient, demurred to the indictment, which demurrer was joined and a hearing had.

The presiding justice overruled the demurrer, granting at the same time special leave to the defendant to plead over in case the demurrer was not ultimately sustained, to which ruling the defendant excepted.

### INDICTMENT.

LINCOLN, ss.

At the Supreme Judicial Court, begun and holden at Wiscasset, within and for the County of Lincoln, on the fourth Tuesday of October in the year of our Lord one thousand nine hundred and three.

The grand jurors for said State upon their oath present, that James E. Creighton of Thomaston in the County of Knox, at Waldoboro in said County of Lincoln, on the seventeenth day of October, in the year of our Lord one thousand nine hundred and three, in and upon Brinton H. Penwarden of Casco in the County of Cumberland, State aforesaid, an assault did make and him, the said Penwarden did then and there beat, wound and ill-treat, and other wrongs to the said Penwarden then and there did to the great injury of him, the said Penwarden, against the peace of said State and contrary to the from of the statute in such case made and provided.

*John W. Brackett,* County Attorney, for State.

Counsel cited: *State* v. *Ham,* 54 Maine, 194; *Com.* v. *Kirby,* 2 Cush. 577, 1 Bishop's New Crim. Prac. §§ 599, 601, 2 Ib. § 55; 1 Whar. Crim. Law, § 413, and cases; R. S., c. 131, §§ 4, 12.

*C. E. and A. S. Littlefield,* for defendant.

The indictment is framed upon the statute and sets out no offense.

Counsel cited: *State* v. *Goddard,* 69 Maine, 182; Arch. Crim. Plead. *41, *50; *State* v. *Philbrick,* 31 Maine, 401; *State* v. *Leavitt,* 87 Maine, 80, and cases; *State* v. *McKenzie,* 42 Maine, 393; *State* v. *Collins,* 48 Maine, 217; *State* v. *Skolfield,* 86 Maine, 152; *State* v. *Hussey,* 60 Maine, 410; *State* v. *Stevenson,* 91 Maine, 112; *State* v. *Wright,* 52 Ind. 308; *Cranor* v. *State,* 39 Ind. 65; *State* v. *Hubbs,* 58 Ind. 416; *Adell* v. *State,* 34 Ind. 545; Heard Crim. Plead. 254; *State* v. *Hart,* 34 Maine, 40; *State* v. *Leonard,* 47 Maine, 429.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

EMERY, J. The respondent demurs to the indictment against him for assault and battery, and shows for cause of demurrer (1) that the indictment does not describe the act charged as "unlawful;" and (2) that it does not describe the act as done in a "wanton, wilful, angry or insulting manner, having an intention and existing ability to do some violence;" these being words contained in the statute defining the offenses of assault and of assault and battery. R. S. (1883), c. 118, § 28.

The words omitted are not necessary to the validity of the indictment. They are all implied in the word "assault." The statute is merely declaratory of the common law. It adds nothing to the common law definition of assault, and requires no additional allegations in an indictment. *Cent. Dict.;* 3 Bl. Com. 120; *Hays* v. *The People,* 1 Hill, 351; *U. S.* v. *Lunt,* 1 Sprague, 311; *State* v. *Dearborn,* 54 Maine, 442.

*Exceptions overruled. Respondent to plead anew as per stipulation.*