STATE OF MAINE *vs.* WILLIS F. TOWNSEND.

Penobscot.    Opinion December 6, 1919.

*Necessary form of indictment under R. S., Chap. 120, Sec. 16.    Criminal pleading.*

The indictment in this case charges: "that the respondent upon the body of Helen Irene Townsend a female child under the age of fourteen years an assault did make and her the said Helen Irene Townsend did then and there beat, bruise, wound and ill treat and other wrongs to the said Helen Irene Townsend then and there did and did unlawfully and carnally know and abuse said Helen Irene Townsend, against the peace of said State, and contrary to the form of the statute in such case made and provided."

The Exceptions state the case as follows:

"After the State's case was closed, the respondent moved that the indictment be quashed for the following reason, to wit; that the said indictment is for assault and battery; that the last allegation in the said indictment, to wit; 'and did unlawfully and carnally know and abuse said Helen Irene Townsend' is surplusage and that the said respondent could only be tried upon the first allegation in the indictment, to wit; Assault and Battery, and that any testimony introduced by the State in support of their last allegation should not have been allowed; and asked the court to rule that this indictment is an indictment for assault and battery only and that the last allegation is surplusage and of no effect."

The presiding Justice declined to rule as requested,

*Held:*

1.    That assault and battery constitutes a part, though not an essential part, of the offense which the statute defines and punishes.

*Held:*

2.    That the indictment properly described the offense upon which the respondent was tried and convicted.

Indictment under R. S., Chap. 120, Sec. 16.    Verdict of guilty. Defendant filed exceptions to certain rulings of presiding Justice. Judgment in accordance with opinion.

Case stated in opinion.

*Albert L. Blanchard,* County Attorney, for the State.

*George E. Thompson, and Abraham M. Rudman,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, WILSON, DEASY, JJ.

SPEAR, J. The indictment in this case charges: "that the respondent upon the body of Helen Irene Townsend a female child under the age of fourteen years an assault did make and her the said Helen Irene Townsend did then and there beat, bruise, wound and ill treat and other wrongs to the said Helen Irene Townsend then and there did and did unlawfully and carnally know and abuse said Helen Irene Townsend, against the peace of said State, and contrary to the form of the statute in such case made and provided."

The exceptions state the case as follows:

After the State's case was closed, the respondent moved that the indictment be quashed for the following reason, to wit; that the said indictment is for assault and battery; that the last allegation in the said indictment, to wit; "and did unlawfully and carnally know and abuse said Helen Irene Townsend" is surplusage and that the said respondent could only be tried upon the first allegation in the indictment, to wit: Assault and Battery, and that any testimony introduced by the State in support of their last allegation should not have been allowed; and asked the court to rule that this indictment is an indictment for assault and battery only and that the last allegation is surplusage and of no effect.

The presiding Justice declined to rule as requested and with appropriate instructions, to which no exceptions were taken, submitted to the jury the question of the guilt or innocence of the accused, upon the charge of unlawfully and carnally knowing and abusing a female child under fourteen years of age, as said crime is defined in R. S., Chap. 120, Sec. 16.

The indictment properly described the offense upon which the respondent was tried and convicted. An indictment, similar in all substantial respects, was considered in *Commonwealth* v. *Geo. W. Thompson*, 116 Mass., 346, and declared good.

The court says: Rape necessarily includes assault and battery. To sustain an indictment for assault with intent to commit a rape, under the Massachusetts Gen. Statutes, Chap. 160, Sec. 67, it is not necessary to allege or prove a battery. But a battery may be one of the facts by which the offense is made out. It then constitutes a part though not an essential part of the offense which the statute

defines and punishes.   If not alleged there is no variance; if alleged there is no duplicity.   See also case cited.

The ruling of the sitting Justice, in submitting the case to the jury was clearly right.

*Exceptions overruled.*