STATE OF MAINE *vs.* PATRICK JALBERT.

STATE OF MAINE *vs.* SAM JALBERT.

Aroostook.    Opinion, March 2, 1943.

*Parker P. Burleigh, Jr.,* County Attorney,

*James P. Archibald,* for the State.

*Arthur J. Nadeau,*

*James D. Maxwell,* for the respondents.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MURCHIE, J.   These cases come to the Court on exceptions by the respondents to the overruling of demurrers on complaints charging that they severally trapped for mink in closed season. Identical wording of the complaints is that on the 20th day of October, 1941, the named respondent:

> "did trap for mink, said 20th day of October 1941, being closed time for the trapping of mink."

The respondents filed pleas of not guilty in the Northern Aroostook Municipal Court, waived hearing, were adjudged guilty, and appealed to the Superior Court. In that Court the demurrers in question were filed and overruled.

Counsel for the respondents does not seriously urge that October 20th, 1941, did not fall within the season which is closed throughout the State for the hunting or trapping of mink, but he urges the principle of law that penal statutes should be strictly construed and cites us to *Allen* v. *Young,* 76 Me., 80; *State* v. *Peabody,* 103 Me., 327, 69 A., 273; and *Commonwealth* v. *Hall et al.,* 128 Mass., 410, 35 Am. Rep., 387. There is no point in a recital of the facts or the exact legal issues involved in any one of these cases, since there is nothing in any one of them which would serve as a precedent for construing R. S. 1930, Chap. 38, Sec. 72, under which the complaints were made, otherwise than as forbidding the hunting

or trapping of mink except during the month of November.

The protection of fish and game is a very fertile field for legislation in this State. The particular statute, as in effect on the date when the offenses charged are alleged to have been committed, after not less than 16 amendments adopted subsequent to the revision of the statutes in 1930, presents the law governing the hunting and trapping of all fur-bearing animals. A particular paragraph declares a closed season on trapping wild animals generally. Another authorizes the training of dogs on foxes, coons and rabbits in a named season. The Legislature heretofore felt it worth while to classify the black bear as a game animal, P. L. 1931, Chap. 127; to repeal that declaration, P. L. 1941, Chap. 179; and to make the same declaration with reference to raccoons, P. L. 1937, Chap. 38. The latter provision is incorporated in the Section under consideration, as was the like provision relative to the black bear while it was effective.

· So far as mink are concerned, however, the policy declared by statute has remained unchanged since the phraseology now in use was adopted in P. L. 1935, Chap. 143. The protection of mink has been a legislative policy since 1899, when a closed season was established running from May 1st to October 15th in each year, P. L. 1899, Chap. 42, Sec. 15. Prior to the enactment of P. L. 1937, Chap. 148, special provisions of which are hereafter noted, relatively long-term closed seasons on fur-bearing animals, subject to specified exceptions, had been in effect for a considerable span of years. P. L. 1917, Chap. 219, Sec. 46, declared it for the period from March 1st to October 14th. In 1929, P. L., Chap. 331, Sec. 41, extended it at both ends — from February 1st to November 15th. The 1937 law confirmed the two-year old policy of a perpetual closed season on fur-bearing animals, subject only to such exceptions as were declared by the establishment of annual open seasons of differing durations for different species; that applicable to mink being the month of November only.

Fundamentally the defense rests upon the claim that there

is a repugnancy between the particular line in Paragraph (a) of the Section of the statute which reads:

"The open season on mink shall be the month of November only." P. L. 1937, Chap. 148,

following a general recital that:

"There shall be a perpetual closed season on hunting or trapping any fur-bearing animal, except . . . : " P. L. 1935, Chap. 143,

and Paragraph (i):

"Provided, further, that there shall be a closed season on trapping wild animals from May 15th to October 15th, of each year . . . " P. L. 1939, Chap. 133, as amended by P. L. 1941, Chap. 153.

The defense is asserted on claims (1) that the consolidated effect of these provisions, relative on the one hand to fur-bearing animals and on the other to wild animals, is doubtful or ambiguous as to any animal which might be considered both fur-bearing and wild; (2) that the ambiguity is magnified by the definitions of closed season and open season, contained in R. S. 1930, Chap. 38, Sec. 18, where the one bans all acts which might fall within any of the descriptive words "hunt, pursue, shoot, wound, trap or destroy," while the other declares when "it shall be lawful to take," the word "take" importing a reduction to possession; and (3) the technical ground that the complaints are insufficient in law to bring the offense charged within the ban imposed by Paragraph (a) because they contain no allegation that a mink is a fur-bearing animal.

There is no merit in any of these contentions. R. S. 1930, Chap. 38, Sec. 72, as amended by P. L. 1935, Chap. 143, established a perpetual closed season on the hunting and on the trapping of all fur-bearing animals, except for certain named species and as otherwise specifically provided in the particular Section. Mink was not one of the excepted species. Two years

later the perpetual closed season policy was reaffirmed and a limited open season for mink established. The claim of ambiguity rests exclusively in the enactment of P. L. 1939, Chap. 133, which wrote into R. S., Chap. 38, Sec. 72, a provision creating a closed season of limited duration for wild animals. Counsel argues that "it is generally well known that a mink is a wild animal." Let us so assume. It is certainly well known that a mink is a fur-bearing animal. It is apparent from a reading of the statute, and must have been to anyone who read it, that wild animals, save those excepted from the provisions of Paragraph (i) according to its terms, are protected by a closed season extending from May 15th to October 15th of each year, both days inclusive, and that fur-bearing animals, save again those specially excepted from the provisions of Paragraph (a) for the periods therein declared, are protected by a perpetual closed season. The provision is definite that hunting or trapping mink is forbidden except during the month of November.

The argument as to the conflicting nature of the definitions of the seasons is obviously strained. To take does import reducing to possession, and during the month of November annually, when there is an "open season on mink," such animals may not only be taken, but they may be sought by any means which comes within the common meaning of any of the words descriptive of what is forbidden in a closed season. Not so on October 20th in any year. At that time it is not only unlawful to take them, but to undertake to take them by any means, on fair construction, and by express legislative mandate, through trapping.

Assertion of the insufficiency of the complaints is not merely the lack of allegation that a mink is a fur-bearing animal, but that there was no allegation either that it was a fur-bearing animal or that it was a wild animal. The offense charged is not the trapping of a wild animal, as such. That is not forbidden on October 20th. The offense charged is trapping for mink and the Legislature has classified muskrat, mink, fisher, sable and

bear as fur-bearing animals by naming them specifically in the Paragraph (a) which establishes a perpetual closed season on all such animals. It is sufficient answer to the claim asserted by counsel to note the declaration of Bishop in his Criminal Procedure, quoted and cited with approval in *State* v. *Dunning*, 83 Me., 178, 22 A., 109, that the doctrine is general:

" 'that the court will consult sound sense to the disregard of captious objections in looking for the meaning of the allegations in the indictment.' "

The offense charged in each complaint is alleged with all necessary certainty to furnish the court or a jury with knowledge as to whether it constituted an act punishable under the statute, and to protect the respondent from any hazard of double jeopardy. *State* v. *Bushey*, 96 Me., 151, 51 A., 872; *State* v. *Simmons et al.*, 108 Me., 239, 79 A., 1069. A mink is undoubtedly a fur-bearing animal. If either defendant on the day alleged did "trap for mink," as alleged in the complaint against him, he violated the statute. There can be no doubt that such is the exact offense charged, nor that it is constituted an offense by language so clear and explicit as to render it unnecessary to grope for construction.

Leave having been granted below for these respondents to plead anew if their demurrers were overruled, the mandate in each case is

*Exceptions overruled.*
*Case remanded for further proceedings in the Superior Court.*