Lawrence H. **CHILD**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

May 26, 1969.

Gaston M. Dumais, Lewiston, for plaintiff.

John W. Benoit, Jr., Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal from the denial of post-conviction relief.

Petitioner, with court appointed counsel, on April 26, 1967 entered a plea of guilty to an Information charging him with breaking and entering a funeral home and larceny

therefrom in the nighttime, a felony, upon which he was sentenced to serve not less than five nor more than ten years in the State Prison.

Upon petitioner's complaint dated September 1, 1967 for post-conviction relief, counsel was appointed. The pleadings raised issues of both law and fact. A decree on the legal questions was filed December 26, 1967. Hearing on the questions of fact were held February 1, 1968 and June 27, 1968, illness of the presiding Justice occurring in the interim. A transcript of the arraignment and sentencing proceedings was before the Court. Final decree denying relief was issued August 8, 1968, from which appeal was taken, claiming seven points of error as follows:

"1. The Court erred in finding that the Judge presiding complied with Rule 11, Maine Rules of Criminal Procedure, which specifically states * * * 'The Court shall not accept such a plea * * in any felony proceeding without first (a) making such inquiry as may satisfy it that the Defendant in fact committed the crime charged * * *'

"2. The Court erred in finding that the indictment was sufficient even though the verb 'did' was omitted.

"3. The Court erred in finding that appellant's constitutional rights were not violated when his car was searched by the police sometime after the arrest without a search warrant.

"4. The Court erred in finding that appellant's plea was not coerced by the County Attorney threatening him that he would be charged as a recidivit (sic) if he did not plead by an information.

"5. The Court erred in finding that appellant was not mislead and induced to give a plea by his attorney when he was told by him that if appellant plead he would receive a maximum of 5 years in State Prison.

"6. The Court erred in finding that Defendant was not illegally imprisoned or that he was in any way deprived of any of his constitutional rights.

"7. The Court erred in finding that the Defendant was not entitled to the Writ of Habeas Corpus and that his petition should therefore be dismissed with prejudice."

### Point 1

This is the first occasion we have had to consider Rule 11 Maine Rules of Criminal Procedure (M.R.Crim.Proc.) which became effective December 1, 1965. Our Rule 11 in pertinent part reads as follows:

"* * * The court may refuse to accept a plea of guilty, and shall not accept such plea * * * in any felony proceeding without first (a) making such inquiry as may satisfy it that the defendant in fact committed the crime charged, and (b) addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge. * * *."

This Rule is similar to Rule 11 of the Federal Rules of Criminal Procedure, as amended in 1966.[1]

In the light of the decision in McCarthy, Petitioner v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (April 2, 1969) which involved those parts of Rule 11 of the Federal Rules similar to parts (a) and (b) of our Rule, and of which the presiding Justice in the Superior Court could not have had the benefit, we examine that portion of

[1]. Rule 11 Federal Rules in pertinent part reads as follows:
"* * * The Court may refuse to accept a plea of guilty, and shall not accept such plea * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The Court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

our Rule 11, to which the appeal directs our attention.

The proceedings on April 26, 1967 pertaining to petitioner were in three episodes. First, an exhaustive examination to determine that petitioner was voluntarily and intelligently waiving his right to grand jury action and trial by jury; that he understood the explanation then given of the charge against him and the penalty which, upon conviction, could be imposed. Counsel acknowledged satisfaction with the definition of the offense as given by the Court. Following this a recess was called to enable counsel and client to confer.

Second, the motion to proceed by information, found upon direct examination of the petitioner to be freely and voluntarily made, was granted and petitioner was arraigned. He entered a plea of guilty. Recess was called to enable counsel and client, and counsel and Court to confer.

Third, the sentencing procedure, during which counsel for petitioner said, in part:

"I would also point out to the Court in this particular instance the respondent is under the influence of alcoholic beverage. Frankly, wasn't able to handle it. That they attended the funeral parlor where the action took place with the perhaps drunken idea of visiting the deceased who was lying in state there, who was a relative of one of the respondents. And that it became an act of inspiration at the moment to commit the crime that was in fact committed."

Petitioner repeated that he understood the nature of the charge.

Addressing ourselves to clause (a) of the Rule, upon which appellant's point one rests, the record shows within episode one the exposition by the presiding Justice to the petitioner of the offense charged and counsel's acknowledgement of satisfaction with the definition and counsel's assurance to the Court that petitioner had been fully advised of his rights. In episode three, counsel stated that petitioner committed the crime "that was in fact committed." He may have meant breaking, entering and larceny, but the statement is equivocal. Petitioner now claims that, in fact, there was no breaking and that he entered the funeral home through an unlocked door with a co-respondent whose deceased relative was there laid out, and that the offense of larceny developed while so within the premises.

█ In the light of *McCarthy* it must be held that clause (a) of our Rule 11 M.R. Crim.Proc., requires that before accepting a plea of guilty the presiding Justice must determine "that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." See also Maine Practice, Glassman § 11.1. A definition of the offense charged and acknowledged by counsel, and the accused personally, that the definition is satisfactory and understood is not adequate.

█ *McCarthy* makes no declaration relative retroactivity of its interpetation of Rule 11 of the Federal Rules. That question is answered in Halliday v. United States, 394 U.S. ——, 89 S.Ct. 1498, 22 L.Ed. 2d —— (1969) which holds that *McCarthy* applies only to "those defendants whose guilty pleas were accepted after April 2, 1969."

The appeal on point one is denied.

*Point 2*

The information charged in pertinent part that petitioner in the nighttime of a stated day "the dwelling house and business establishment, * * *, of one Lenwood Andrews, there situate, did feloniously break and enter, and one safe * * *, all of the aggregate value of $155.00, * * *, then and there in and from said building feloniously steal, take, and carry away."

Customarily, and under old practice as set forth in Whitehouse and Hill's Directions and Forms, pages 74–75, the word

"did" was used after the word "feloniously" in the last clause of the charging instrument, so that the same would read "feloniously did steal, take and carry away."

◼ Petitioner challenges the sufficiency of the information by reason of the omission. The challenge is unavailing. As the presiding Justice wrote, "the use of the conjunction 'and' connecting the allegation of breaking and entering with that of stealing made the repetitive use of the auxiliary 'did' unnecessary." See State v. Smith, 140 Me. 255, 282–283, 37 A.2d 246, and State v. Jalbert, 139 Me. 333, 338, 30 A.2d 799. The allegations meet the test reviewed in State v. Talbot, 160 Me. 103, 106, 198 A.2d 163.

### Point 3

◼ Petitioner establishes no aggrievement by reason of an alleged search without warrant of the car in which he was a passenger. His conviction resulted from his plea of guilty, and the record is devoid of any evidence that such search or its results were used against him, let alone the showing of any "appreciable effect" of such search upon his conviction. See Holbrook v. State, 161 Me. 102, 105, 208 A.2d 313, and Eaton v. State, Me., 232 A.2d 530, 531.

### Points 4, 5, 6 and 7

◼ Petitioner's allegations that his plea of guilt was coerced by threats from the County Attorney and as a result of being mislead by his Court appointed counsel is not supported by the record.

◼ The procedural lapse under Rule 11 M.R.Crim.Proc., does not raise a constitutional question. *McCarthy, supra.* The conclusion on these points of the single Justice is without error.

*Appeal denied.*

DUFRESNE, J., did not sit.