**Benjamin J. GRASS**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

March 16, 1970.

Goodman & Goodman, by Michael Goodman, Bangor, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, and POMEROY, JJ.

WEBBER, Justice.

This is an appeal from the denial of a petition for the writ of habeas corpus. On December 5, 1967 Grass pleaded guilty to an indictment charging indecent liberties. He was then represented by competent employed counsel of his own choice. He now and for the first time makes the usual ac-

cusations that his plea was not made voluntarily and understandingly and that his then counsel was incompetent and inattentive to his interests. On the basis of evidence which fully supports his decision, the Justice below found that petitioner at the time of his plea fully understood the nature of the charge and the possible penalty therefor, that he had committed the acts constituting the offense and had so informed his attorney, and that he desired to plead guilty rather than compel the child complainant to testify in court. Finding the representation afforded to petitioner by his counsel to have been "fair, competent and adequate," the Justice below summarized the petitioner's grievance in these terms, "Petitioner having pled guilty in hope that his physical disabilities would enable him to receive probation now, disappointed, blames his attorney for his plight —without justification." We can discover no error.

■ Petitioner has argued on appeal that there was a technical violation of M. R.Crim.P., Rule 11 at the time his plea was taken. It is at least doubtful whether any issue involving the claimed violation of Rule 11 is properly before us, no such claim having been made in the petition for post-conviction relief or presented to or considered by the Justice below. Since the issue has been argued orally upon appeal by both the petitioner and the State as though properly raised and since some further clarification of Rule 11 requirements may be helpful, we treat the issue as one requiring our consideration.

■ The pertinent portions of Rule 11 provide:

" * * * The court may refuse to accept a plea of guilty, and shall not accept such plea * * * in any felony proceeding without first (a) making such inquiry *as may satisfy it* that the defendant in fact committed the crime charged, and (b) *addressing the defendant personally* and determining that the plea is made voluntarily with understand-

ing of the nature of the charge. * *." (Emphasis ours)

The Rule became effective December 1, 1965. The petitioner was sentenced on December 5, 1967. It may be noted that requirement (a) did not in express terms impose any obligation that the court address the defendant personally. That obligation was expressly imposed only as to requirement (b). When petitioner was sentenced, the presiding Justice satisfied himself by means of colloquy with the State's attorney and the defendant's attorney that the defendant in fact committed the crime charged. This colloquy was held in open court in the presence of the defendant. The presiding Justice addressed the defendant personally only as to matters of sentence but not as to matters relating to voluntariness of plea or understanding of the nature of the charge. There was therefore a violation of the requirements of Rule 11.

On April 2, 1969 the Supreme Court announced its decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. In that case the defendant immediately after plea and sentence in a Federal District Court moved to suspend the sentence. On appeal from a denial of this motion, the defendant charged a violation of Federal Rules of Criminal Procedure, Rule 11. Although somewhat differently worded, our Rule 11 and Federal Rule 11 impose essentially the same requirements. Federal Rule 11 in pertinent part provides:

" * * * The court may refuse to accept a plea of guilty, and shall not accept such plea * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

The Supreme Court held that defendant was entitled to plead anew where his plea

was accepted without full adherence to Rule 11 procedure. The Court said, however, "This decision is based solely upon our construction of Rule 11 and is made pursuant to our supervisory power over the lower federal courts; we do not reach any of the constitutional arguments petitioner urges as additional grounds for reversal." What the Constitution requires is that the plea be "truly voluntary" and Rule 11 provides an effective means of establishing that fact and of providing a record of the factors relevant to the determination of voluntariness. *McCarthy* clearly holds that the trial court must personally obtain responses from the defendant and determine therefrom whether his plea is voluntary and whether he understands the nature of the charge, as expressly provided by Rule 11. *McCarthy* seems also to interpret Rule 11 as requiring that the trial court satisfy itself *by interrogation of the defendant* that there is a factual basis for the plea.

The Supreme Court dealt with the retroactivity of McCarthy on May 5, 1969 in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16. That case arose upon an application for post-conviction relief attacking a sentence imposed by a Federal District Court in 1954. At the time of sentence there was a Rule 11 violation. In the post-conviction proceedings, however, it was proven that the plea of guilty in 1954 had been tendered by the respondent voluntarily and with an understanding of the nature of the charges against him. Reiterating that the *McCarthy* rule was based upon the application of Rule 11 and not upon constitutional grounds, the Supreme Court employed the same criteria in determining the retroactivity of *McCarthy* that it had used in the case of decisions which were constitutionally grounded but which departed from precedent. The Court declined to apply *McCarthy* to pleas accepted prior to April 2, 1969, noting that where such pleas were not tendered voluntarily and understandingly, the petitioner would be entitled to post-conviction relief on constitutional (rather than Rule 11) grounds.

Thus the law stood when on May 26, 1969 we decided Child v. State, Me., 253 A.2d 691. In effect, in that post-conviction relief case we construed *McCarthy* as requiring that the sentencing Justice must address the defendant personally and satisfy himself *through that interrogation* that "the defendant in fact committed the crime charged" and must ascertain *by the same means* that "the plea is made voluntarily with understanding of the nature of the charge." Our holding in *Child* was designed to give the *McCarthy* construction to our M.R.Crim.P., Rule 11. For the same reasons recited in *Halliday*, however, we declined to make the *Child* rule retroactive.

On June 2, 1969 the Supreme Court decided Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. In September, 1966 the respondent pleaded guilty to robbery and was sentenced to death. On an automatic appeal a divided Alabama Supreme Court affirmed. The record was "silent" as to the voluntariness of the plea. Granting certiorari, the Supreme Court reversed, holding that the absence of any state court record showing voluntariness of plea constituted a constitutional deprivation of due process. Although the Court indicated its preference for some equivalent of F.R.C.P., Rule 11 as a device for assuring the making of an adequate record, there is no suggestion that *Boykin* would be applied to the states in any case in which the state court record *in its entirety* demonstrated that the plea had been tendered voluntarily and understandingly. There is no intimation that the *Boykin* Court intended to depart from *Halliday* and if that be so, an independent showing of voluntariness in post-conviction proceedings will suffice to satisfy the constitutional requirements imposed upon the states by Boykin. If our understanding of the intended scope of that case is correct, it is unnecessary to speculate here as to whether or not *Boykin* will be applied retroactively.

Returning now to the instant case we conclude that the petitioner's claim to post-

conviction relief was properly denied. The effect of the violation of Rule 11 is governed by *Child* and will not vitiate a plea tendered in 1967. The presence of a post-conviction record which fully supports the finding below that the plea was voluntarily and understandingly made satisfies the constitutional requirements of *Boykin,* even if retroactively applied. For the future, adherence to the procedural requirements of Rule 11 as interpreted by *Child* and clarified herein will assure voluntariness and understanding when pleas are taken and will provide an initial record which conforms to the teaching of *Boykin.*

Appeal denied.

WEATHERBEE, J., did not sit.