**Gregory RANDALL**

**v.**

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

July 27, 1970.

Lewis V. Vafiades, Bangor, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

This is an appeal from denial of post-conviction relief under 14 M.R.S.A. § 5501. The issue is whether petitioner Randall's plea of guilty to a charge of robbery was accepted in the Superior Court in violation of his constitutional rights.

■ The State attacks the jurisdiction of the Law Court to entertain the appeal. The case has had a long and confusing history.

On December 30, 1965, the petition for habeas corpus was denied and an appeal seasonably noted. Not until 1969, however, was the appeal perfected. In the meantime, the official court reporter in the Superior Court at the arraignment of the petitioner and at the habeas corpus hearing died without transcribing all of the proceedings. It proved impossible to complete the transcript. At length the petitioner closed the record in substance with the habeas corpus decree and the transcript of proceedings at the time of sentence.

The record is sufficient for our purposes in hearing and deciding the appeal. The State has in no way been prejudiced by the lack of a more complete record.

Under these unusual circumstances the petitioner, serving since 1960 a 10–20 year sentence in State Prison, ought to be heard on his appeal.

We are satisfied that our jurisdiction is broad enough to do what Justice in this case requires should be done.

■ At the April 1960 Term of the Penobscot Superior Court, the grand jury indicted Randall for robbery, charging that on March 16, 1960, "he [Randall] on one Charles D. Hoyt feloniously did make an assault, and by force and violence, one wrist watch of the value of twenty-five dollars, and one billfold of the value of five dollars, all of the aggregate value of thirty dollars, of the property of said Charles D. Hoyt, from the person of said Charles D. Hoyt feloniously did steal, take and carry away."

Robbery is defined in 17 M.R.S.A. § 3401 as follows:

"Whoever, by force and violence or by putting in fear, feloniously steals and takes from the person of another property that is the subject of larceny is guilty of robbery and shall be punished by imprisonment for any term of years."

In considering the appeal, we apply the principles stated in Gordon v. State, Me., 232 A.2d 527, (a habeas corpus proceeding), " * * * we have in mind, first, that the burden of proof by a fair preponderance of the evidence rests on the petitioner, and secondly, that the findings of fact by the Justice below stand unless 'clearly erroneous'; Bennett v. State, 161 Me. 489, 496, 502, 214 A.2d 667 (1965); Maine Rules of Civil Procedure, Rule 52(a)."

In the decree of the Court below, we find in the following excerpts from the trial court record a full compliance with the constitutional standards of April 1960.

"He [Randall] was arraigned in the Superior Court on April 8, 1960, and entered a plea of not guilty in the presence of his counsel. On April 14, 1960, he again voluntarily appeared in court and in the

presence of his counsel retracted his previous plea and entered a plea of guilty.

"The court then interrogated petitioner prior to imposition of sentence. An excerpt of this interrogation lends much light on how well the petitioner was informed as to the crime to which he had entered a plea of guilt(y).

"By the Court:

"A  Now, at that time when you were arrested you gave a statement to the Bangor Police Dept., and later, according to the indictment, the assault was on the 16th. At the time you were arrested you gave a statement in writing to the Bangor Police Department, and one or two days later gave them a supplemental statement?

"A  Yes.

"Q  In the statement you signed you admitted that you did in fact pummel this man, struck him with your fist, blacked his eyes, broke his nose, and took a watch and billfold from him, and that you thereafter in company with the other fellow who was with you, the other fellow driving the car, went back to Hampden, went in the house and conducted a search for money. Are the facts as you told them to the police in the two statements the truth?

"A  One, yes. I would have to make an exception on one.

"Q  What is the exception?

"A  I don't remember of robbing the fellow.

"Q  You were not the fellow who actually took the bill fold?

"A  They found it in my pockets, but I can't remember.

"Q  You don't know?

"A  No.

"Q  You hadn't been drinking?

"A  No.

"Q  All you had been doing was going to various places and drinking coffee and double dogs. You wasn't intoxicated or even had a drink?

"A  No.

"Q  Have you ever served in any branch of the armed service?

"A  No.

"Q  Do you feel that you have been treated fairly by the police who investigated your case?

"A  No, I don't.

"Q  What way do you feel they were unfair to you?

"A  Well, more or less I was forced into it.

"Q  You were forced into what?

"A  Signing that paper.

"Q  Whom do you say forced you to sign it.

"A  Mr. Sloane.

"Q  Have you been shown the confession?

"A  Yes, I have.

"Q  What is there in the confession that is not true?

"A  Well, the part of the robbery.

"Q  Do you know what robbery is?

"A  Yes.

"Q  Do you know what the elements of robbery are?

"A  Yes.

"Q  Tell me what they are? Do you know what larceny is?

"A  Yes.

"Q What is it?

"A Wilfully taking the property of another person.

"Q All right. And robbery is what?

"A Taking another persons possession by force.

"Q From the person?

"A Yes.

"Q Either by force or by threats, intimidation, putting in fear. You do know what those elements are?

"A Yes.

"Q Are you or are you not guilty of robbery of this particular man on this particular occasion?

"A I say I am guilty.

"Q Is there anything in the confession which you gave that you would like to have corrected?

"A No, not that I can think of.

"Q Do you feel that you have been treated fairly by the county attorney's office in presenting and prosecuting the case?

"A Yes.

"Q Do you feel you have been treated fairly by the Court, and have had ample opportunity to present whatever you care to present?

"A To a certain extent, yes.

"Q To what extent do you not feel you have been treated fairly?

"A I believe there is a lot more to this than meets the eye. I couldn't remember the robbery. All I can remember is taking the first swing and hitting the minister."

The Court continued:

"The foregoing colloquy clearly indicates that the petitioner was fully cognizant of the gravamen of the charge in the indictment. Although aware of the necessary elements the state would be required to prove, he said 'I say I am guilty'.

"The petitioner has the burden of proof and must support his material allegations by a preponderance of the evidence. This he has failed to sustain. Dwyer v. State, 151 Me. 382 [120 A.2d 276]; Doyon v. State, 158 Me. 190 [181 A.2d 586]; and James v. State, 160 Me. 362 [204 A.2d 187]."

The governing principles are found in Grass v. State, Me., 263 A.2d 63, 64 (1970).

"The pertinent portions of Rule 11 [M.R. Crim.P.] provide: " * * * The court may refuse to accept a plea of guilty, and shall not accept such plea * * * in any felony proceeding without first (a) making such inquiry *as may satisfy it* that the defendant in fact committed the crime charged, and (b) *addressing the defendant personally* and determining that the plea is made voluntarily with understanding of the nature of the charge * * *" (Emphasis ours.)"

Rule 11, as in *Grass,* is not applicable. Randall's plea of guilty was given in 1960.

In 1969 in Child v. State, Me., 253 A.2d 691, we followed McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed. 2d 418, and Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, in holding *McCarthy,* which required full adherence to Rule 11, was not retroactive. In *Grass* we then considered Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274, saying at p. 65:

"Returning now to the instant case we conclude that the petitioner's claim to post-conviction relief was properly denied. The effect of the violation of Rule 11 is governed by *Child* and will not vitiate a plea tendered in 1967. The presence of a post-conviction record which fully supports the finding below that the plea was voluntarily and understandingly made satisfies the constitutional require-

ments of *Boykin,* even if retroactively applied."

See also 83 Harvard Law Rev. 181 et seq., on Judicial Determination of Voluntariness of Guilty Pleas in a Review of the Supreme Court, 1968 Term.

Under like tests we find no error in the decision below. The Court had before it the record of the interrogation of the petitioner before the trial court prior to sentence. With great care the trial court addressed the petitioner (then defendant) and became satisfied that the defendant in fact committed the crime charged and determined that the plea was made voluntarily with understanding of the nature of the charge. The trial court necessarily so concluded in passing sentence on Randall; otherwise, obviously it would have caused the plea to be withdrawn.

The Court substantially applied the standard of Rule 11, adopted five years later.

Randall's expressed uncertainty of his participation in the robbery disappeared in the course of his interrogation in the trial court. In accepting Randall's plea of guilty, the trial court did not violate his constitutional rights. The record "in its entirety demonstrated that the plea had been tendered voluntarily and understandingly." *Grass,* supra, p. 65.

There was no error in the decision denying the writ of habeas corpus.

The entry will be

Appeal denied.

POMEROY, J., did not sit.