**Clifford M. WILSON, III**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Aug. 3, 1970.

485

Daniel R. Donovan, Bath, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for the State.

Before WILLIAMSON, C. J., and WEBBER, DUFRESNE, WEATHER-BEE and POMEROY, JJ.

WEATHERBEE, Justice.

Petitioner appeals from the decision of a Justice in the Superior Court denying him the statutory writ of post conviction habeas corpus. We find no error.

Petitioner was indicted for the crime of rape. Counsel was appointed to represent him and on being arraigned, Petitioner entered a plea of not guilty. Later that day, without objection from Petitioner, the Presiding Justice granted the State's motion to dismiss all of that part of the indictment which charges in excess of assault and battery. Petitioner then entered a plea of guilty to the charge of assault and battery. Four days later the Presiding Justice, after hearing, found the assault to have been of a high and aggravated nature and sentenced Petitioner to a term of not less than two and not more than four years in the State Prison.

The amended petition for the writ of habeas corpus claimed several errors only two of which are presented to us—first, an alleged lack of sufficiency of the indictment and second, that Petitioner's plea of guilty of the charge of assault and battery was not knowingly and understandingly made.

The precise issue of insufficiency of the indictment urged by the Petitioner involves the status of the State's allegation of assault and battery after the Court had granted the State's motion to dismiss that part of the indictment which charged in excess of assault and battery. 30 M.R.S.A. § 503, as amended by P.L.1965, Chap. 356, § 68 authorizes county attorneys to dismiss criminal cases "in such manner and under such circumstances as the Supreme Judicial Court may by rule provide" M.R.Crim.P., Rule 48(a) reads:

"*By Attorney for the State.* The attorney for the state may with written leave of the court file a written dismissal of an indictment, information or complaint setting forth the reasons for the dismissal and the prosecution shall there-

upon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."

■ While neither the Rule nor the statute specifically authorizes a *partial* dismissal of a criminal charge, the statutory dismissal replaces the common law procedure of nolle prosequi. Glassman, Maine Practice, 48.1. Our Court recognized early and has always held that the authority to nolle prosequi included the authority in proper situations to terminate a part of the State's charge leaving a lesser charge remaining to be prosecuted. This rule was stated precisely in a Per Curiam opinion, untitled, in 31 Me. 592 (1850) where the Defendants had been indicted for breaking entering and larceny. The Court said:

"It is in the power of the County Attorney, to nol. pros. as to the breaking and entering, and thereby leave the defendants punishable for the simple larceny only. It was accordingly so done."

In State v. Burke, 38 Me. 574 (1854) an allegation of intent to maim was nolle prossed leaving a valid charge of assault. In State v. Nutting, 39 Me. 359 (1855) the Court upheld a conviction for incest upon an indictment for incestuous adultery from which the adultery charge had been nolle prossed. See also State v. Kopelow, 126 Me. 384, 386, 138 A. 625, 626 (1927); Commonwealth v. Wakelin, 230 Mass. 567, 120 N.E. 209 (1918); 21 Am.Jur.2d, Criminal Law, § 518; 22A C.J.S. Criminal Law § 460.

■ As this Court explained in State v. Flaherty, 128 Me. 141, 146 A. 7 (1929) our statute (17 M.R.S.A. § 3151) does not define rape but provides a punishment for the crime, the common law definition of which has been thoroughly discussed in that case. Similarly, 17 M.R.S.A. § 201, which creates the statutory offense of assault and battery, merely declares the common law. State v. Creighton, 98 Me. 424, 57 A. 592 (1904). At common law an unlawful touching of the person of another,

unpermitted and unprivileged, done with the intention of bringing about a harmful or offensive contact, constituted an assault and battery. 6 Am.Jur.2d, Assault and Battery, § 4.

■ Rape requires such a touching of the body of the female which is carried to the extent that, by force and without her consent, a penetration occurs. Our Court has held that assault and battery is a lesser crime which is necessarily included in the greater offense of rape in State v. Townsend, 118 Me. 380, 108 A. 260 (1919), quoting with approval the statement of the Massachusetts Court that

"Rape necessarily includes assault and battery." Commonwealth v. Thompson, 116 Mass. 346 (1874).

The holding that assault and battery is a divisible part of the crime of rape was repeated by the Massachusetts Court in Commonwealth v. McCan, 277 Mass. 199, 178 N.E. 633 (1931), the Court saying:

"Doubtless an assault is involved as subsidiary and incidental to rape, and an indictment for rape charges substantially and formally an assault and battery; and, under our present statutes, upon an indictment for rape a defendant, if the proof falls short of the charge of the felony, may be found guilty of simple assault and battery."

See also 42 C.J.S. Indictments and Informations § 292; Wharton's Criminal Law, 12th Ed., § 747.

Petitioner does not question the validity of the State's action in dismissing part of the charge but he argues that once this was done insufficient language remained to properly charge assault and battery. He urges that when the words "ravish and carnally know" were stricken from the indictment there were no words remaining to charge assault and battery.

The indictment read:

"On or about the 27th day of April, 1967, in the County of Lincoln, State of Maine, CLIFFORD M. WILSON, III did by force and against her will ravish and carnally know DONNA GENTHNER, a female who had attained her fourteenth birthday."

15 M.R.S.A. § 6 establishes the validity of a verdict in cases where an indictment charges a divisible offense and the jury acquits the Defendant of part of the offense and finds him guilty of the residue of the offense. In Carson, Petitioner, 141 Me. 132, 39 A.2d 756 (1944) the Court held, in applying this statute, that the offense of indecent liberties necessarily, includes the offense of attempt to take indecent liberties and that an indictment charging the greater crime substantially charges the lesser included crime.

The same principle is applicable here.

■ The act of dismissing all of the indictment which charges in excess of assault and battery does not involve a physical striking out of printed words from the indictment. The indictment remains intact but the State no longer charges the Defendant with more than the necessarily included—and still remaining—charge of assault and battery which is implicit in the words "ravish and carnally know". The indictment charging the greater offense need not set out specifically all the essential averments relating to the lesser offense if they are necessarily included in the greater. 42 C.J.S. Indictments and Informations § 275.

■ In pressing his second contention Petitioner asserts that the Petitioner's plea of guilty was accepted by the Court without compliance with M.R.Crim.P., Rule 11. We recently discussed the requirements of Rule 11 in the light of the holdings of the United States Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) and in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Child v. State, Me.,

253 A.2d 691 (1969) and Grass v. State, Me., 263 A.2d 63 (1970). While the Presiding Justice here did not interrogate the Petitioner personally as to whether he in fact committed the crime charged, at the time of Petitioner's plea on December 8, 1967 such interrogation was not required by Rule 11. Neither *McCarthy* nor *Child* apply retroactively. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L. Ed.2d 16 (1969). Grass v. State, supra.

■ The Presiding Justice thoroughly explained to the Petitioner the nature of the charge of assault and battery, his right to a jury trial, the safeguards which protect a Defendant undergoing trial by jury, the duty of the Court to determine after plea of guilty whether the assault was of a high and aggravated nature and the possible penalties. He particularly warned Petitioner that if the evidence disclosed an assault and battery of such a nature as to put a woman in fear of rape it might be considered to be of a high and aggravated nature. He advised the Petitioner that he should not plead guilty to a crime he did not commit. The Petitioner told the Justice that his attorney had also similarly explained the situation to him and that he understood it. He also said that no threats or promises had been made to him to induce his plea.

While the proceedings at time of sentence did not meet the later requirements of *McCarthy,* the record amply satisfies the demands of *Boykin* in demonstrating that the plea had been tendered voluntarily and understandingly. We do not find it necessary to consider whether or not *Boykin* was intended to apply retroactively.

The Justice in the Superior Court was not in error in denying the petition for the writ of habeas corpus.

Appeal denied.

MARDEN, J., did not sit.